MARGARET F. HEMPHILL, by her next friend, *v.* WILLIAM HEMPHILL et al.

1. CIRCUIT COURT: JURISDICTION OVER THE PERSON CAN ONLY BE ACQUIRED BY SERVICE OF PROCESS, BY PLEA, OR CONFESSION IN OPEN COURT.—The Circuit Court has no jurisdiction over the person of the defendant unless he be served with legal process, or enter his appearance by plea, or unless he appear in open court in proper person, and consent that judgment shall be entered against him: service, or acknowledgment of service, of the petition or complaint will not do.

2. SAME.—Upon the filing of the plaintiff's complaint in the Circuit Court, the defendant signed the following agreement indorsed thereon: "I acknowledge service of the within petition or complaint, waive summons, and consent that the same may be docketed, and judgment rendered at the present term of the court now in session;" thereupon the court rendered a judgment against the defendant for the amount sued for, the judgment reciting that "proof of the acknowledgment of service was made." *Held,* that the judgment so rendered was void for want of jurisdiction over the person of the defendant.

3. HUSBAND AND WIFE: WHEN THE HUSBAND CANNOT WAIVE INVALIDITY OF A JUDGMENT AGAINST HIM TO THE INJURY OF THE WIFE.—The husband will not be permitted to waive the invalidity of a judgment rendered against him, and which is sought to be collected out of property claimed by the wife, if it appear that he and the judgment creditor have combined together to subject the property so claimed to the payment of the judgment for the husband's benefit.

4. FRAUDULENT ASSIGNMENT: HUSBAND AND WIFE.—A fraudulent assignment of property by the husband to his wife will not be set aside in favor of a judgment creditor who seeks to annul it in combination with the husband, and at his instance and for his benefit.

IN error from the Vice-Chancery Court at Macon. Hon. Henry Dickinson, vice-chancellor.

*R. Evans,* for appellant.

*James T. Harrisson* and *C. R. Crusoe,* for appellee.

FISHER, J., delivered the opinion of the court.

The object of this bill was to enjoin the defendant, Garrett, from proceeding to subject certain slaves, claimed by the complainant, to sale under a judgment, or, what is alleged to be a judgment, against her husband, William Hemphill.

The facts are briefly these, so far as they relate to the complainant's title. William Hemphill, in 1846, caused a bill to be filed in the name of his wife, by her next friend, against himself, alleging that he, the husband, was justly indebted to his wife in certain sums of money, and setting forth, to some extent, the manner of his indebtedness. To this bill he filed an answer under oath, admitting the several allegations. The bill coming on for hearing, the chancellor made a decree for a certain sum; an execution was issued on this decree, and, being levied upon the husband's property, the wife, at the sheriff's sale, became the purchaser. Soon thereafter, the husband, desiring the wife to convey this property to his son, and she refusing, unpleasant feelings seem to have taken possession of the husband towards his wife, which continuing to increase, the parties finally separated. About this time, the claims of Garrett, which were due as early as 1845, appear to have come to light, and the husband, who was then a citizen of Lowndes county, with a zeal which but too plainly betrayed his purpose,

entered into the following consent upon the declaration, which was filed during the April term, 1851, of the Circuit Court of Monroe county:

"I acknowledge due and legal service of the within petition or complaint, waive summons, and consent that the same may be docketed, and judgment rendered at the present term of Monroe Court, now in session.

"WM. HEMPHILL."

Upon this petition, with this consent thus made, the court, on the 24th day of April, 1851, about the time the petition was filed, rendered the judgment of Garrett, enjoined by the present bill. The entry of the judgment on the minutes, after commencing in the usual form, is as follows: "And proof of the acknowledgment of service being made, and the defendant came not, but made default," &c.

It is only necessary to remark upon this judgment, that it is absolutely void, for want of jurisdiction by the court over the person of the defendant, who could only be brought into court by the process prescribed for that purpose, or who could only come by plea, or in proper person without plea, and make the necessary waiver and consent for judgment to be entered against him; neither of which appears to have been done in this case. Service of the petition gave the court no jurisdiction whatever over the defendant; and the defendant, not appearing according to one of the above-named modes, the court could take no jurisdiction whatever of the case so as to pronounce a judgment. The proof is confined to service of the petition, or rather to the defendant's acknowledgment of service, and does not extend to the waiver of the summons, and to the giving of consent by the defendant, for judgment to be entered at that term of the court against him. Even if he could give such consent, otherwise than in open court, the record shows no evidence that such consent was ever so given.

This point is decisive of the case; but we will, nevertheless, extend our inquiries to the questions directly at issue between the parties. An execution appears to have been issued in a few weeks after the recovery of the judgment, and placed in the hands of the sheriff of Lowndes county. It further appears that it was levied, at the instance of the defendant, Hemphill, upon the slaves now in controversy, and which were immediately claimed by the complain-

ant, who, believing her remedy incomplete at law, filed this bill, in which she sets forth the recovery of the decree on the bill in 1846, the sale of the slaves under the said decree, and her purchase. Hemphill, her husband, and a defendant in the above judgment, by his answer says, that the objects of the bill in 1846, the decree thereon, and sale under the decree, were all designed to defraud his creditors; that is, those who held claims against him as security. He proceeds, with some degree of minuteness, to specify the fraud, but omits to state any good reason to excuse him for swearing to his answer, which admitted every allegation of the bill in 1846 to be true. Notwithstanding he attempts to connect his wife with this fraud, he, in another place, declares that she knew nothing of the filing of the bill, or the decree thereon, until after the same was pronounced. He then proceeds to state his regrets at her conduct, after purchasing the property, in not permitting him to arrange it in a manner to consummate his fraud, so as to secure something for his old age.

Garrett, by his answer, charges the complainant's title to be fraudulent as to her husband's creditors, and makes his answer a cross-bill against the complainant and her husband. Complainant, by her answer to cross-bill, insists that Garrett's judgment is void, denies all fraud, &c.

All the circumstances point, in the clearest manner, to one conclusion, and that is, that Garrett's pretended judgment and levy of the execution were the result of a combination between him and Hemphill, to relieve the latter against the consequence of his own fraud. The whole proceeding bears upon its face the evidence of a desire to benefit the husband, by regaining the property which he caused, without scruple, to be placed in his wife's hands. He appears, according to his own version of the transaction, to have used his wife, without her knowledge or consent, as an instrument to defraud his creditors; and now, in turn, wishes to use the creditors, with their consent, for the purpose of defrauding his wife. Whatever opinion we might entertain of Garrett's claim, and his right to relief, if he were before the court freed from this combination, we are compelled to leave him, where the law places him, beyond the pale of equity jurisdiction. Under all the circumstances of this case, we are disposed to hold the creditor to the most strict

rule of law as to his claim, and, according to this rule, he has no judgment which he can enforce. If it be said that the husband can waive this objection, it is only necessary to reply, that he will not be allowed to waive, when the sole object is to injure his wife. The creditor must, in such case, show a judgment, valid according to the record, and must not be suspected of combining with the husband against the wife.

Decree reversed, and decree for the complainant.