## Byrne, Vance & Co. v. W. S. Jeffries, survivor, &c.

1. Writ of error: allowable from final judgment before end of term at which it was rendered.—A writ of error may be prosecuted from a judgment or decree which is final in its character, immediately after its rendition, and before the end of the term of the court at which the judgment is rendered.

2. High court: practice: certiorari: writ of error.—Where the transcript of the record of the court below, which is certified to this court on writ of error, shows that a judgment final in its nature and character was rendered, if the defendant in error relies upon the fact that such judgment was afterwards set aside in that court, he should suggest a diminution of the record and pray for a *certiorari;* and if upon the return to the *certiorari,* an order setting aside the final judgment be certified to this court, the writ of error will be dismissed on motion.

3. Same: may bring certain questions of fact.—This court has the power to hear and determine all questions of fact necessary to the ascertainment and exercise of the proper powers conferred on it by the Constitution.

4. Pleading and practice: appearance, how entered.—The appearance of the defendant to an action against him may be effected by an entry on the declaration in the proper office, and before the clerk of the court, and without plea or actual presence in open court. The case of *Hemphill* v. *Hemphill,* 34 Miss. R. 68, overruled.

5. Same: case in judgment.—The plaintiff filed his declaration in proper form in the circuit clerk's office, five days before the meeting of the court; the defendant, on the same day, indorsed on the declaration a waiver of the issuance of summons, an entry of his appearance, and his consent that the court should, at its ensuing term, render judgment against him for a sum specified. This indorsement was attested by the clerk of the court. *Held,* that upon proof of these facts by the clerk, the plaintiff was entitled to judgment according to the agreement.

Error to the Circuit Court of Madison county. Hon. E. G. Henry, judge.

The plaintiffs filed their declaration in the court below, against the defendant, with the indorsement thereon as stated in the opinion of the court. On the first day of the March term, 1860, of the court below, the plaintiffs moved the court to render judgment "according to the agreement made on the plaintiffs' declaration." On the third day of the term, said motion was tried,—both parties appearing "by their respective attorneys;" and the plain-

tiffs proved, by J. C. Richards, the execution, by the defendant, of the agreement indorsed in the declaration, as stated in the opinion of the court. The court overruled the motion of plaintiffs for judgment, and they excepted; and thereupon "the plaintiffs declaring that they would not sue out a summons on the said declaration, or ask for any further order or judgment in the cause" in the Circuit Court, "but that they relied on their bill of exceptions," it was ordered that the suit be dismissed at plaintiffs' costs.

On the 6th day of April, A.D. 1860, the plaintiffs sued out this writ of error.

The defendant in error moved this court to dismiss the writ of error, "because the same was sued out before the lapse of the term at which the judgment was rendered, and before said judgment now sought to be reversed became final."

The defendant in error also pleaded, in abatement to the writ of error, "that the judgment sought to be reversed was rendered at the March term, A.D. 1860, of the Circuit Court of Madison county, in this State, and that by law the March session, commencing on the fourth Monday of March, continues for five weeks, and that after the rendition of the judgment now sought to be reversed, the said court continued in session until the 28th day of April, A.D. 1860;" and hence he alleges, that said writ of error being sued out before the end of said term, was prematurely taken.

To this plea the plaintiffs in error demurred. The questions arising on the demurrer to the plea, and the motion, and the merits of the cause were argued and submitted to this court at the same time.

*Handy* and *Davis*, for plaintiffs in error.

1. It is true that a writ of error can be prosecuted only from a final judgment. But the meaning of this rule is, that such writ shall not be sued out from interlocutory orders and decrees, but only from such as are final in their nature and character. In this sense, every judgment is final on its rendition, which determines fully the case and the rights of the parties. That such judgment may be set aside, by the court which renders it, during the term, does not make it less final. If any subsequent order were made, setting aside the judgment, the defendant in error should prove it.

2. This court will not listen to an averment of fact contradictory of the record; and hence the court will not notice the suggestion in the motion, or the averment in the plea, that the Circuit Court continued in session after the rendition of the judgment. The presumption is, that the clerk has done his duty, and certified the whole record here which pertains to this case. 4 S. & M. 685.

3. The court manifestly erred in refusing to enter judgment for plaintiff. The appearance of the defendant, and his waiver of summons, and his consent for judgment to be entered, are fully proven; and in this respect it differs from the case of *Hemphill* v. *Hemphill*, 34 Miss. R., relied on by the defendant in error. A party may appear in person or by plea, or by an entry of his appearance on the minutes of the court. *Gwin* v. *Williams*, 27 Ib. 324.

*Nye* and *Hill*, for defendant in error.

1. This court is appellate, but nevertheless it can try questions of fact relating to its jurisdiction. , It may try a plea setting up a release of errors, after the rendition of the judgment.

2. The writ of error is prematurely taken. Such a writ can be prosecuted only from a final judgment. The judgments of the Circuit Court are not final until the term ends.

3. No judgment could have been rendered on the declaration and agreement indorsed on it. The agreement, if binding, is irrevocable, and would be, in legal effect, an official confession of judgment; but the statute authorizing such a judgment has not been complied with in this,—that the plaintiff did not make the affidavit required. Rev. Code, 523.

4. The case of *Hemphill* v. *Hemphill* is conclusive in favor of the action of the court below.

HARRIS, J., delivered the opinion of the court.

On the 20th day of March, 1860, the plaintiff filed, in the clerk's office of the Circuit Court of Madison county, his declaration, with the following acknowledgment, entry, and agreement thereon, viz.:

" I hereby waive the issuance of a summons on this declaration, *and do hereby enter my appearance thereto*, and consent that the Circuit Court of Madison county, Mississippi, shall render judg-

ment against me, as surviving partner of John G. Powell, on Monday next, the 26th day of March, A.D. 1860, for the sum of eight thousand one hundred and fifty-five dollars and twenty-five cents. Said judgment to bear interest, after its rendition, at the rate of eight per centum per annum, until paid and satisfied.

(Signed),     " W. S. JEFFRIES,<br>" Surviving partner of Powell & Jeffries.

"March 20th, 1860.

"Test, J. C. RICHARDS."

Afterwards, on the 26th March, 1860, the first day of the March term of the Circuit Court for that county, the plaintiff moved for judgment in said case, according to the terms of said agreement, upon proof by J. C. Richards, clerk of said court, as follows, viz.: "That on the 20th day of March, A.D. 1860, William S. Jeffries, surviving partner of John G. Powell, deceased, signed, executed, and acknowledged said agreement, so indorsed on said declaration, as his act, in the presence of witness and Samuel R. Harrison, agent of the plaintiffs; and that said Harrison and said Jeffries handed to him, witness, said declaration with the indorsement thereon, to be filed in witness's office as clerk of this court, having first requested witness to attest the same; which witness did, in their presence, and then filed it." The court, after hearing said proof, declaration, and acknowledgment thereon, overruled the motion; to which judgment of the court the plaintiff excepted, and tendered his bill of exceptions, stating the facts, which was allowed; and the case is now prosecuted here, on writ of error to reverse this judgment.

The defendant in error insists on the dismissal of the case in this court, for want of jurisdiction, upon the ground that this writ of error was sued out during the term at which the judgment complained of was rendered, and before the end of the term; that the judgment of the court was not *final* before the last day of the term, and no writ of error lies under our laws until after final judgment. And this is the first question presented for determination.

At common law, a writ of error might be sued out *before* final judgment; and it continued in force during the whole term in which it was returnable; and if final judgment were signed at any time

during that term, it operated as a *supersedeas* from the time of signing judgment, provided bail was put in according to law. 2 Tidd's Pr. 1144 ; 2 Saund. R. 101 (g).

Our statute, Code, p. 562, Art. 8, provides that no *cause shall be removed* into this court until *after final judgment* in the court below, except in cases particularly provided for. The object of this proviso is to prevent the vexatious delays which would be incident to the practice of taking writs of error to all orders, judgments, and interlocutory decrees in the progress of a cause, before the same was finally acted on in the inferior courts, as upon motions, demurrers, &c., not finally disposing of the cause in the inferior court. Whenever the court has pronounced a judgment which is final in its *character*, which disposes of the cause in that court, so long as it stands unreversed, the object and spirit of the act are promoted by allowing a speedy removal of the cause to the appellate tribunal, if the parties desire it, for revision.

It is said, however, that judgments are not final, under our system, until the last day of the term, partly by statutory provision, and *generally* resulting from the power of the court, during the term, to set aside or alter its judgments and decrees.

By our statute, in actions on instruments in writing ascertaining the amount due, or on open accounts, where a copy is filed with the complaint, if judgment be rendered, on demurrer, by confession or by default, it shall be final on the last day of the term, if not set aside. Code, p. 521–2, Art. 253.

By Art. 258, p. 523–4, of the Code, office confessions of judgment shall be final *from the rendition, unless set aside during the term.*

By Art. 23, p. 481, of the Code, the clerk is required to draw up *minutes* of the proceedings of the court, each day of the term, in the *minute-book,* which are to be read and signed by the judge in open court each day.

By Art. 260, p. 524, the clerk is required, within thirty days after the adjournment of each term of the court, to enrol on the judgment-roll all final judgments, *in the order* in which they were entered *on the minutes,* and also to enter the date of their rendition.

By Article 261, judgments so enrolled have *lien from their rendition.*

By our statutes, acts of limitation of judgments, as well as writs of error, commence to run *from the rendition* of the judgment.

It is manifest, therefore, when these several statutes, in *pari materia*, are construed together, they do not mean that judgments are not final until the last day of the term, *in their character*, but it is only meant that they are subject to be set aside, in their *operation*, at any time during the term. Hence it is said of "office confessions," that they shall be final from their rendition, *unless set aside during the term;* and such is the evident meaning of Article 253, p. 521-2.

Any other construction would destroy the consistency and harmony of the various provisions of our code in relation to the lien and priority of judgments, as well as other provisions.

When it is said, therefore, in the Code, p. 562, Art. 8, that no cause shall be removed, &c., until after *final judgment*, &c., reference is had to the *character* of the judgment, in contradistinction to orders, judgments, and interlocutory decrees, in the progress of a cause, not *final in their character*, not disposing of the cause in that court, but only settling some point or step in its progress. There is a wide distinction between the *final character* of a judgment and its *operative force*. A judgment may be final, and yet its operation be suspended and execution delayed. But it cannot be operative unless it be final.

As to the mode in which the question is presented, it is proper to add, that when the record, alleged to be inconclusive because the judgment therein is not final, shows a judgment final in its terms and character, a suggestion of diminution of the record should be made, and a *certiorari* awarded for a full transcript of such further proceedings as may have been had during the term, and after the rendition of the final judgment appearing in the record on file. If no other order and judgment appears to have been subsequently rendered, then such judgment will be regarded as final from the day of its rendition.

If a subsequent order setting aside such judgment shall be certified and returned to the *certiorari*, awarded on suggestion of diminution, the cause would be dismissed on motion, for want of jurisdiction.

We do not doubt the authority of this court as an appellate tribunal to hear and determine all questions of fact necessary to the ascertainment and exercise of the proper powers and jurisdiction vested in it by the Constitution. To suppose otherwise, would be to regard it as *felo de se*. But in the case before us no question of fact is necessary to be averred or proved beyond what must appear by the record, and the record should be tried by itself alone. Hence, the motion and plea in abatement in this case are both irregular, and the first will be dismissed, and the demurrer to the last sustained.

The only remaining point for our determination arises on the assignment of error, in overruling plaintiff's motion for judgment, on the facts stated in this record.

The plaintiff filed his declaration in the proper office and in proper time, demanding judgment against the defendant for a certain sum. The defendant came into the clerk's office with plaintiff's agent, and indorsed on the declaration a waiver of summons, *entered his appearance thereto*, and consented in writing that the court should render judgment against him on a particular day of its term then next succeeding,—its first day. The plaintiff on that day made his motion in open court, proved by the clerk the facts thus appearing indorsed on the declaration, and asked for judgment. The court refused judgment, because there was no sufficient service of process, plea, or appearance of defendant, to justify its judgment.

Exceptions were taken and filed, and the question here presented is as to the correctness of that judgment of the Circuit Court refusing said motion.

But for the case of *Hemphill* v. *Hemphill*, 34 Miss. R. 68, it is believed that the court below would scarcely have hesitated to render the judgment here sought. That case is not now before us, but one differing materially in its whole character from the case made by the opinion of the court in *Hemphill* v. *Hemphill*. That case, *as stated in the opinion*, it is not our purpose here to disturb. But we will proceed to show, that the case before us is readily distinguishable from it.

In the case of *Hemphill* v. *Hemphill*, it is said by the court: " The proof is confined to service of the petition," . . . " and does not extend to the waiver of the summons and to giving of consent

by the defendant for judgment to be entered at that term of the court against him," . . . "the record shows no evidence that such consent was ever given."

In this case there *is* proof that the complaint was filed in the clerk's office; that the issuance of summons was waived more than five days before the return day ; *that defendant entered his appearance to the declaration, and that he consented that judgment should be rendered against him on the first day of court.*

The confusion arises from a comparison of the facts of the two cases, and their seeming analogy when we look to the respective records. But, when we look alone to the opinion of the court in *Hemphill* v. *Hemphill*, its facts, as there stated, bear no resemblance to this case.

Appearance formerly was by actual presence in court, either in person or by attorney, and such appearance still exists in contemplation or fiction of law. But, in fact, this appearance is now effected by making certain formal entries *in the proper office* of the court, expressing his appearance. Bouvier's Law. Dict. title Appearance.

As the appearance anciently was an actual one, so the pleading was an *oral altercation in open court* in the presence of the judges. During this altercation, a minute in writing was made by the proper officer, comprising a short notice of the nature of the action, the time of appearance of the parties in the court, and the acts of the court itself during the pleading ; and this was called the record.

The appearance of the parties is no longer by *actual presence in court*. It is effected on the part of the defendant by making a certain formal entry in the proper office of the court, expressing his appearance. Stevens on Plead. 22–26.

If, in the case of *Hemphill* v. *Hemphill*, it was intended to say that *appearance* to the action could only be effected by plea, or *in proper person, without plea, in open court*, and making the necessary waiver and consent for judgment; and that it could not be done out of term time by entry on the complaint,—of appearance to the action (in the proper office, and before the clerk of the court), we are not willing to sanction the doctrine of that case to that extent.

Let the judgment be reversed, and judgment rendered here for

the defendant in error (plaintiff below), according to agreement and proof on the record.

SMITH, C. J., dissented.