BOONE v. MILLER, STATE TAX COLLECTOR.

(Division A.  March 16, 1931.)

[133 So. 121.  No. 29209.]

288

Creekmore & Creekmore, of Jackson, for appellant.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a judgment by default rendered by the circuit court of the First District of Hinds county against W. A. Boone and in favor of W. J. Miller, state tax collector, for the sum of eighty-four thousand four hundred forty-four dollars and eighty-nine cents. The declaration was in three counts, and was against W. A. Boone of Pontotoc county, D. W. Robbins of Lee county, J. C. Roberts of Bolivar county, J. M. McBeath of Lauderdale county, W. T. Denman of Pike county, and R. H. Henry of Hinds county, members of the state highway commission, and in each count sought to recover from the several individual members of this commission the sum of eighty-four thousand four hundred forty-four dollars and eighty-nine cents, which, it was alleged, had been received by Commissioner D. W. Robbins in payment for certain railroad rails sold to the Mobile & Ohio Railroad Company, and which he had not paid into the treasury, or otherwise properly accounted for. For the purpose of disposing of this appeal, it will not be necessary to set forth the detailed averments of the several counts of the declaration.

After the filing of this suit and service of summons on the several defendants, the appellant, W. A. Boone, filed a motion for a change of venue to the circuit court of Pontotoc county, alleging as the grounds thereof that he was a resident citizen, freeholder, and householder of Pontotoc county, Mississippi, and was such at the time the suit was filed, and had been since that time, and that

he was, and ever since the filing of the suit had been, a public officer of the state of Mississippi, to-wit, a member of the state highway commission of the said state, and for these reasons was entitled to have the venue of the action changed to the county of his household and residence. The defendants D. W. Robbins, W. T. Denman, and J. C. Roberts, likewise filed similar separate motions to have the venue of the action, in so far as it concerned them, changed to the county in which they respectively resided. Thereafter, on October 15, 1930, the defendants D. W. Robbins, J. C. Roberts, W. T. Denman, and R. H. Henry, each filed separate demurrers to the declaration and each count thereof. On the same day, to-wit, October 15, 1930, an order was entered overruling the several separate motions for a change of venue, and also an order overruling the separate demurrers of D. W. Robbins, and sustaining the demurrers of J. C. Roberts, W. T. Denman, and R. H. Henry. In the latter order the appellee was granted ten days within which to amend his declaration, in default of which the declaration should stand dismissed as to the said Roberts, Denman, and Henry. On the following day, October 16, 1930, the appellee amended his declaration by striking certain words from the second count, and by striking the entire third count and substituting therefor an entirely new court. On the same day, upon the request of the appellee, a judgment of nonsuit as to all the defendants, except the appellant and J. M. McBeath, was entered, and in the same order a judgment by default was entered against the appellant and the said J. M. McBeath for the sum of eighty-four thousand four hundred forty-four dollars and eighty-nine cents sued for, and on the same day the court finally adjourned for the term.

The appellant urges several grounds for reversal, but we shall consider only one. The appellant was not in default for a failure to plead or demur to the declaration prior to the overruling of his motion for a change

of venue on October 15, 1930. On that day the appellee was granted leave to amend his declaration within ten days, and, without taking any action against the appellant prior thereto, he amended the declaration generally against all the defendants, including the appellant, in a matter of substance, and on the same day, in one order or judgment, took a nonsuit as to all the defendants, except the appellant and J. M. McBeath, and a judgment by default against the appellant, and thereupon the term of the court was finally adjourned. Upon the amendment of the declaration as against the appellant in a matter of substance, on the day following the entry of an order granting the appellee ten days to amend the declaration, the appellant was entitled to a reasonable opportunity to plead to the declaration as amended, and, by the entry of a judgment by default and the adjournment of the court on the same day the amended declaration was filed, the appellant was denied this right. Consequently the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.