INDUSTRIAL INV. CO., INC., *v.* STANDARD LIFE INS. CO.

(Division A. Oct. 9, 1933. Suggestion of Error Overruled June 11, 1934.)

[149 So. 883. No. 30688.]

W. H. Cox, of Jackson, for appellant.

140

Lotterhos & Travis, of Jackson, for appellee.

**Cook, J.,** delivered the opinion of the court.

On, or prior to, September 22, 1931, the appellant, Industrial Investment Company, Inc., had prepared a declaration seeking to recover from Mrs. J. C. Hollingsworth a balance alleged to be due on a certain promissory note. On September 22, 1931, this declaration was presented to Mrs. Hollingsworth's attorney who, by her authority, entered the following notation thereon:

"The issuance and service of process in this case is waived and the defendant enters her appearance thereto the same as if personally served with process for more than thirty days prior to the regular September, 1931 term of this court, September 22, 1931.

"F. R. Horne, Attorney for Defendant."

On September 26, 1931, the last day of the term of the county court of Hinds county, which began on September 14, 1931, the said declaration was filed with the clerk of said county court, and on the same day a judgment by default was entered against Mrs. Hollingsworth. Thereafter a writ of garnishment was issued against the Standard Life Insurance Company, appellee herein, and it answered the garnishment denying any indebtedness due Mrs. Hollingsworth. A contest of this answer was filed, and the cause was continued from time to time until July, 1932, when the garnishee filed a motion to quash the writ of garnishment and the contest of its answer, on the ground that the original judgment upon which the writ was based was void for the want of service of process on the judgment defendant, or a valid entry of appearance by her. These motions were overruled, and thereafter the cause proceeded to trial on the issues presented by the contest of the garnishee's answer, and resulted in a judgment against the garnishee for the amount of the said original judgment with accrued interest. Thereupon an appeal was prosecuted to the circuit court, where the judgment of the county court was reversed

on the ground that it erred in overruling the motion to quash the writ of garnishment, and a judgment was entered quashing the writ and dismissing the suit at the cost of the Industrial Investment Company, Inc., from which judgment this appeal was prosecuted.

The right of the appellee to challenge the validity of the judgment upon which the writ of garnishment was based is fixed by section 1851, Code of 1930, which provides that: "The garnishee may plead that the judgment under which the writ of garnishment was issued is void, and if his plea be sustained, no judgment shall be rendered against him."

In the case of Hemphill v. Hemphill, 34 Miss. 68, the defendant entered the following indorsement on a declaration filed against him:

"I acknowledge due and legal service of the within petition or complaint, waive summons, and consent that the same may be docketed, and judgment rendered at the present term of Monroe Court, now in session.

"Wm. Hemphill."

This declaration, with consent thus made, was afterwards filed in the circuit court of Monroe county, then in session, and thereupon a default judgment was entered against the defendant. In passing upon the validity of this judgment the court said: "It is only necessary to remark upon this judgment, that it is absolutely void, for want of jurisdiction by the court over the person of the defendant, who could only be brought into court by the process prescribed for that purpose, or who could only come by plea, or in proper person without plea, and make the necessary waiver and consent for judgment to be entered against him; neither of which appears to have been done in this case. Service of the petition gave the court no jurisdiction whatever over the defendant; and the defendant, not appearing according to one of the above-named modes, the court could take no jurisdiction whatever of the case so as to pronounce a judgment. The

proof is confined to service of the petition, or rather to the defendant's acknowledgment of service, and does not extend to the waiver of the summons, and to the giving of consent by the defendant, for judgment to be entered at that term of the court against him.''

The attempted waiver of summons and consent to judgment in the Hemphill Case is more comprehensive and stronger in support of the judgment based thereon than the waiver in the case at bar, which contained no express consent that a judgment might be entered thereon at the term of court then in session, and if the Hemphill Case is still the law in this state it would appear to be decisive here. The appellee, however, contends that that case was, in effect, overruled by the later case of Byrne v. Jeffries, 38 Miss. 533, wherein an indorsement signed by the defendant and attested by the clerk of the court was entered on the declaration, in the office of the clerk of the court, which reads as follows:

''I hereby waive the issuance of a summons on this declaration, and do hereby enter my appearance thereto, and consent that the circuit court of Madison county, Mississippi, shall render judgment against me, as surviving partner of John G. Powell, on Monday next, the 26th day of March, A. D. 1860, for the sum of eight thousand one hundred and fifty-five dollars and twenty-five cents. Said judgment to bear interest, after its rendition, at the rate of eight per centum per annum, until paid and satisfied.

''[Signed] W. S. Jeffries,

''Surviving partner of Powell & Jeffries.

''March 20th, 1860.

''Test, J. C. Richards.''

In this cause a judgment was demanded on the first day of the succeeding March term of the circuit court upon proof made by the clerk of the court that: ''On the 20th day of March, A. D. 1860, William S. Jeffries, surviving partner of John G. Powell, deceased, signed, executed,

and acknowledged said agreement, so indorsed on said declaration, as his act, in the presence of witness and Samuel R. Harrison, agent of the plaintiffs; and that said Harrison and said Jeffries handed to him, witness, said declaration with the indorsement thereon, to be filed in witness's office as clerk of this court, having first requested witness to attest the same; which witness did, in their presence, and then filed it.'' The circuit court refused judgment, and on appeal the court expressly declined to overrule or disturb the Hemphill Case, but held that it was readily distinguishable on its facts from the case then under consideration, saying: ''That case, as stated in the opinion, it is not our purpose here to disturb. But we will proceed to show, that the case before us is readily distinguishable from it. . . . If, in the case of Hemphill v. Hemphill, it was intended to say that *appearance* to the action could only be effected by plea, or *in proper person, without plea, in open court,* and making the necessary waiver and consent for judgment; and that it could not be done out of term time by entry on the complaint,—of appearance to the action (in the proper office, and before the clerk of the court), we are not willing to sanction the doctrine of that case to that extent.''

The effect of the above-quoted language of the court is that appearance to an action can be made out of term time by entry of appearance on the complaint, in the proper office, and before the clerk of the court, and a valid judgment may be entered upon proof of such an appearance. The case at bar does not come within the rule announced in Byrne v. Jeffries, supra, and upon its facts we do not think it can be distinguished from the Hemphill Case, supra. The judgment of the court below will therefore be affirmed.

Affirmed.