## CHAMBLISS *v.* CHAMBLISS.

(Division A. June 6, 1938. Suggestion of Error Overruled June 30, 1938.)

[181 So. 715. No. 33254.]

E. F. Coleman, of Purvis, for appellant.

F. M. Morris, of Hattiesburg, for appellee.

**McGowen, J.**, delivered the opinion of the court.

The bill in this case in the court below alleged the lawful marriage between the parties, that two living children were born of the union, and charged the appellant with habitually cruel· and inhuman treatment; that he

was an habitual drunkard, and that he was guilty of adultery; alleged the inability of the appellee to support herself and children; and prayed that the appellant be required to pay temporary and permanent alimony for her own support and that of the children, and a reasonable attorney's fee.

The answer of appellant denied that the marriage between appellee and appellant was lawful, giving as a reason therefor that the appellee had been lawfully married to one C. G. Slade prior to her marriage to him, and that there had never been a legal divorce from Slade, and that they were now husband and wife. He denied the material allegations of the bill.

On the hearing the court below awarded the appellee the sum of $50.00 per month, to be paid by the appellant for the support of the appellee and the children, and granted an appeal, with supersedeas, except as to the custody of the children. On the hearing for alimony pendente lite, Mrs. Chambliss, on cross-examination, testified that she had previously married the said Slade in Forrest county, and they had lived together as husband and wife. They parted in 1928, in that county, where she has lived ever since. She did not know where Slade had lived since that time, except that in the year of this hearing he was in Forrest county. She filed a bill for divorce against Slade in 1930; and within a few days after the decree of divorce was granted in that county she married the appellant, Chambliss. She identified the bill in the divorce proceedings against Slade. In this connection the appellant, Chambliss, offered in evidence, without objection, the bill of complaint, waiver of process, and decree of the court, dated September 13th, 1930. The waiver of process was as follows:

"In the Chancery Court of Forrest County, Mississippi.

"Stella DuBose Slade v. C. G. Slade. Now comes the defendant, C. G. Slade, in the above styled and numbered cause and waives the right of the issuance of process and

the service of process upon him as by law required, and hereby enters his appearance in the said cause for all purposes, and hereby agrees for the said cause to be tried at this term and finally disposed of and final decree entered. Witness my signature this the 13th day of September, 1930. C. G. Slade. Witness E. F. Coleman.'' On the back thereof was waiver of process, filed the 13th day of September, 1930, by M. T. Draughon, Clerk.

The final decree is as follows:

''Stella DuBose Slade v. C. G. Slade.

''This day this cause came on to be heard upon bill and answer filed in said cause, waiver or process and agreement to try the said cause, and the court having heard the evidence offered by the parties in the said cause, finds that the parties are of the white race, and that the allegations of the bill of complaint have been sustained, and that the complainant is entitled to the relief prayed for, to wit, a full and complete divorce. It is therefore ordered, adjudged and decreed by the court that the bonds of matrimony heretofore existing between the complainant, Stella DuBose Slade and the defendant, C. G. Slade be and the same are hereby dissolved and forever held for naught, and the parties hereto are forever divorced. It is further ordered and adjudged and decreed that the defendant pay all cost of this suit. Ordered, adjudged and decreed, this the 13th day of September, 1930. T. Price Dale, Chancellor.''

The decree was filed on that date with the Clerk.

No further material evidence was offered on the issue of whether or not the marriage relation existed between Mrs. Chambliss and her husband. No question is raised as to the propriety of the decree awarding temporary alimony to Mrs. Chambliss, provided she was lawfully married to him. The contention of the appellant here is that the decree of divorce between Mrs. Chambliss and Slade was void, hence there was no valid marriage between the appellee and himself.

A valid marriage is essential to uphold a decree for alimony pendente lite against the husband for support of the alleged wife. See McFarland v. McFarland, 64 Miss. 449, 1 So. 508; Reed v. Reed, 85 Miss. 126, 37 So. 642; Aldridge v. Aldridge, 116 Miss. 385, 77 So. 150.

The precise contention here presented is that the waiver of process filed in the case at bar was not effective to confer jurisdiction of the person of Slade upon the Chancery Court in the divorce case, and that the decree set forth herein is void under the cases of Hemphill v. Hemphill, 34 Miss. 68, 69; Byrne, Vance & Co. v. Jeffries, 38 Miss. 533; Industrial Investment Co. v. Standard Life Ins. Co., 170 Miss. 138, 149 So. 883.

In the Hemphill Case, supra, a waiver of process, not to be differentiated from the one at bar, was the basis of the judgment of the court. It was there held that the judgment rendered thereon was absolutely void for want of jurisdiction by the court over the person of the defendant, "who could only be brought into court by the process prescribed for that purpose, or who could only come by plea, or in proper person without plea, and make the necessary waiver and consent for judgment to be entered against him." The evidence in that case disclosed that no such consent of the defendant there was ever given.

In the Vance Case, supra, it was held that the Hemphill Case really meant that appearance to an action could only be effected by a plea or by appearance in proper person without plea in open court and making the necessary waiver and consent for judgment, and that it could not be done out of term time by entry on the complaint. In that case the defendant had appeared and executed a waiver in the office of the clerk of the court, and required the clerk to attest same. The judgment thereon was held valid.

In Industrial Investment Co. v. Standard Life Ins. Co., supra, this Court held that a notation on a declaration

whereby the defendant's attorney waived process and entered the defendant's appearance during the term without attestation by the clerk of the court did not authorize a default judgment, and therefore such judgment against the debtor furnished no basis for recovery from a garnishee.

In the case at bar it is not at all clear that the decree of divorce granted in 1930 was a default decree. It recites that it heard the evidence of the parties; but it clearly appears from the judgment that the case was heard upon the bill of complaint, "and answer filed in said cause." Under all the authorities a party may appear in court by a plea, although no process has been served; and thereupon, in such case, jurisdiction of the person is by the plea conferred upon the court in so far as that point is concerned. The answer in the Chancery Court to a bill for divorce is unquestionably a plea therein, such as confers jurisdiction of the person upon the court. This is a collateral attack upon the Slade decree of divorce, and the court being a court of general jurisdiction, the recitals therein are not subject to attack here; and in this respect is governed by the cases of Hester v. Hester, 103 Miss. 13, 60 So. 6, Ann. Cas. 1915B, 428; Cocks v. Simmons, 57 Miss. 183; Cason v. Cason, 31 Miss. 578; Cannon v. Cooper, 39 Miss. 784, 80 Am. Dec. 101. In fact, nothing was offered which disputed the recital of the decree of divorce. It stands unchallenged that the court then found that an answer was on file—filed in the case at the time of the hearing; also, that it heard the evidence of the parties. We conclude that the decree of the lower court awarding temporary support to the wife and children of Chambliss is approved, there being no other question presented.

Affirmed.