## CULLENS *v.* CULLENS.

(Division B.  Feb. 19, 1940.)

[193 So. 805.  No. 34052.]

Hugh N. Clayton, of New Albany, for appellant.

No counsel for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Charlie Cullens, the appellant, filed a bill for divorce against his wife, Otye Leslie Cullens. The defendant filed an appearance and waiver of service of process on the hearing of the case in accordance with the provisions of Chapter 244 of the Laws of 1936, but this appearance was filed on the 25th day of October, 1939, and the term of the Chancery Court of the County began on Monday, October 23, 1939, and the bill for divorce had been filed on September 15, 1939, prior to the convening of the said regular term of Court. The chancellor refused to grant the relief sought by the appellant for the reason that he did not believe the defendant was legally in Court, and he granted an appeal to settle the principles of the case, which appeal is now before us.

Chapter 244 of the Laws of 1936 reads as follows:

"An Act providing how a defendant may waive the service of process and/or enter an appearance in civil causes without filing any pleading therein.

"Section 1. Be it enacted by the Legislature of the State of Mississippi, That any party defendant who is not a minor, lunatic, or convict of felony, may, without filing any pleading therein waive the service of process, or enter his or her appearance, either or both, in any civil

cause or proceeding for all purposes, with the same effect as if he or she had been duly served with process, in the manner required by law on the day of the date thereof; provided such waiver of service or entry of appearance be in writing dated and signed by the defendant and duly sworn to, or acknowledged, by him or her, or his or her signature thereto be proven by two subscribing witnesses, before some officer authorized to administer oaths. But such written waiver of service or entry of appearance must be executed after the day on which the suit or proceeding was filed and be filed among the papers in the cause and noted on the general docket.

"Sec. 2. That this act take effect from and after sixty days after its passage.

"Approved March 21, 1936."

It was the chancellor's opinion, we are informed, that the provision in the above statute, "with the same effect as if he or she had been duly served with process, in the manner required by law on the day of the date thereof;" provided such waiver of service or entry of appearance be in writing dated and signed by the defendant and duly sworn to, or acknowledged, before some officer authorized to administer oaths, as therein provided, required the waiver to precede the date of the term of the Court, and desires a construction of the statute as to whether it was permissible to file such waiver on the date on which it was filed, or, in other words, after the beginning of the term of Court. Prior to the enactment of the statute above quoted, it had been held in a number of cases that a written waiver of service of summons and consent to appear was sufficient to support a judgment. Hemphill v. Hemphill, 34 Miss. 68. This case was decided in the October Term, 1857, and it was there held: "The Circuit Court has no jurisdiction over the person of the defendant unless he be served with legal process, or enter his appearance by plea, or unless he appear in open court in proper person, and consent that judgment shall be entered against him; service, or acknowledgment

of service, of the petition or complaint will not do.'' This case was decided in the day of the State's history when technical precision was more honored than practical justice, and this decision was followed in a number of subsequent cases extending down to recent date. See Industrial Investment Co., Inc., v. Standard Life Ins. Co., 170 Miss. 138, 149 So. 883. The Court in these cases followed a well known rule and practice of the appellate court not to overrule a previous decision of the Court unless it is not only wrong but mischievous; and the Court, in its opinion, seems not to have referred to or considered the statute simplifying the proceedings, declaration, pleas, etc., intended to obviate many of the original technicalities of pleadings, etc. The Supreme Court in Byrne, Vance & Co. v. Jeffries, 38 Miss. 533, apparently declined to follow the case of Hemphill v. Hemphill, supra, but distinguished the facts of the case then before the Court from the Hemphill case and wound up its opinion as follows:

''As the appearance anciently was an actual one, so the pleading was an oral altercation in open court in the presence of the judges. During this altercation, a minute in writing was made by the proper officer, comprising a short notice of the nature of the action, the time of appearance of the parties in the court, and the acts of the court itself during the pleading; and this was called the record.

''The appearance of the parties is no longer by actual presence in court. It is effected on the part of the defendant by making a certain formal entry in the proper office of the court, expressing his appearance. Stevens on Plead. 22-26.

''If, in the case of Hemphill v. Hemphill, it was intended to say that appearance to the action could only be effected by plea, or in proper person, without plea, in open court, and making the necessary waiver and consent for judgment; and that it could not be done out of term time by entry on the complaint,—of appearance to the action (in the proper office, and before the clerk of the

court), we are not willing to sanction the doctrine of that case to that extent.'' The reporter, who as the distinguished James E. George, construed the ruling of Byrne, Vance & Co. v. Jeffries, supra, to overrule Hemphill v. Hemphill, supra, and so stated in the fourth syllabus to the case; however, in subsequent cases, the Court adhered to Hemphill v. Hemphill although the Court had held that the party may appear in Court by plea, although no process had been served, and thereupon jurisdiction of the person is by the plea conferred on the Court insofar as that point is concerned. Chambliss v. Chambliss, 182 Miss. 480, 181 So. 715.

In the case of Townsend v. Beavers (Miss.), 188 So. 1, it was held that a waiver of service of process acknowledged before a notary public was valid under Chapter 244, Laws of 1936. In this opinion, the Court said (188 So. at page 3):

''It will be observed that this waiver was acknowledged before the chancery clerk, and that it specifically and completely identified itself with the court, the matter and the particular petition therein to which it was addressed. It goes into greater particularity than is mentioned in the new statute on this subject, Chap. 244, Laws 1936. Had this waiver been written at the bottom of the petition itself and acknowledged before the clerk, its validity would be without question, under Byrne v. Jeffries, 38 Miss. 533, 539. There is no substantial difference that it was written on a separate sheet of paper acknowledged before the clerk and filed by him in the cause; and it can make no substantial difference that the acknowledgments of the other four waivers were before a notary public, whose authority to authenticate such acknowledgments was as ample as that of the clerk or any other officer. The objections now urged against these waivers are not well taken. See 50 C. J., pp. 446, 447.

. ''All of the heirs being thus in court, they made no contest of the petition, and a decree pro confesso was taken

against them, and thereafter a final decree for the sale of the lands as prayed.''

The statute above quoted, Chapter 224, Laws of 1936, we construe as being a legislative direction to the parties to take their heads out of the sands of technicalities, and proceed along the highway of common sense to the shrine of justice. All of our modern tendencies are to simplify proceedings so as to bring controversies to trial on their merits, and to administer justice according to law with as much speed as is consistent with due consideration of the matters involved. We think the statute authorizes the appearance without plea, and places safeguards around such waiver of process and entry of appearance as will prevent, as far as any pleading would, collusion in the suit or fraud upon the courts. We see no reason why parties may not appear under this statute during the term of Court and have their controversies adjudicated, where process had not been served, as fully and effectively as if it had been served in sufficient time to have taken a default for want of pleading. Should the Court at any time believe that there was collusion between the parties, or a fraud attempted on the Court, it has full power to inquire into such matters, and if sufficient facts were found to justify, it might deny relief or dismiss a suit conceived in collusion or fraud.

The judgment of the Court below will be reversed and the cause remanded for further proceedings.