COMPTON *v.* COMPTON.

(Division B.   June 10, 1940.)

[196 So. 635.   No. 34201.]

Harold Cox, of Jackson, for appellant.

R. H. and J. H. Thompson, of Jackson, for appellee.

**McGehee, J.,** delivered the opinion of the court.

The decree of the Chancery Court of Hinds county, herein appealed from, is for past-due monthly installments of alimony which had accrued unto the appellee, and is predicated on a judgment rendered in the Fifteenth District Court, Parish of Acadia, Louisiana, and duly certified under the Acts of Congress.

The authority for the allowance of such alimony in the state of Louisiana is contained in Article 160 of the Re-

vised Civil Code of the state, which is found quoted in the opinion of this court in the case of Gallant v. Gallant, 154 Miss. 832, 123 So. 883, 885, as follows: "If the wife who has obtained the divorce has not sufficient means for her maintenance, the court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income. This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage."

Hence, it is contended by the appellant that the judgment of the said district court is not a final judgment such as is entitled to full faith and credit under the requirement of Article IV, section 1 of the Constitution of the United States; and he cites in support of that contention the case of Gallant v. Gallant, supra, wherein this court held that a decree of the Louisiana court for the payment of alimony in monthly installments, "is one that may be annulled, varied, or modified by the court rendering it, and consequently is not, as to such alimony, enforceable in this state under the full faith and credit clause of the Constitution." In that case, however, this court, after having cited and reviewed numerous decisions, including Barber v. Barber, 62 U. S. 582, 21 How. 582, 16 L. Ed. 226; Lynde v. Lynde, 181 U. S. 183, 21 S. Ct. 555, 45 L. Ed. 810; Sistare v. Sistare, 218 U. S. 1, 16, 30 S. Ct. 682, 686, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061; Hunt v. Monroe, 32 Utah 428, 91 P. 269, 11 L. R. A. (N. S.) 249; and Barclay v. Barclay, 184 Ill. 375, 56 N. E. 636, 51 L. R. A. 351, said: "It does not, however, necessarily follow from the conclusions last above stated that the court of original jurisdiction may revoke or modify past-due installments of permanent alimony, . . .; and, in the absence of a decision of the Supreme Court of Louisiana on this point in a case involving permanent alimony, we must base our conclusions upon the rulings of the Louisiana court in analogous cases involving past-due installments of alimony pendente

lite.'' The result was that the foreign decree in that case was held unenforceable in this state, and this appears to be true even as to the past-due installments which had accrued thereon. The court so held, as suggested in the opinion, because of the absence of a decision of the Louisiana Court to the contrary. Since that time, however, the Supreme Court of Louisiana decided the case of Snow v. Snow, 188 La. 660, 177 So. 793, 799, wherein the Gallant case, supra, was discussed as follows: ''But we do not construe the opinion or decree rendered by the Supreme Court of Mississippi, in Gallant v. Gallant, as meaning that a Louisiana court that has rendered a judgment for alimony in favor of a divorced woman may annul or amend the judgment for an amount that has become delinquent since the judgment was rendered, on the debtor's showing that he was financially unable to pay the alimony when it came due, or afterwards. If a judgment for alimony is not more substantial than that it is of little or no value or protection to the one in whose favor it is rendered. There is no reason why a judgment for alimony, as to the amount which has become past-due since the judgment was rendered, should not be protected by the provision in article 548 of the Code of Practice, that a judgment, when once rendered, becomes the property of the one in whose favor it has been given, and cannot be annulled or amended except by the method and for the causes prescribed by law.''

The test as to whether the foreign judgment here involved is revocable in the jurisdiction where rendered, as to the past-due instalments sued for in the court below, must be determined by the decisions of the courts of Louisiana, since the question involves a construction of the statute of that state hereinbefore quoted. Therefore, applying the decision announced in the case of Snow v. Snow, supra, we hold that the judgment as to past-due instalments is final, and consequently is enforceable in this state under the full faith and credit clause,

Article IV, section 1, of the Constitution of the United States.

It is next urged, however, that the said district court of Louisiana did not have territorial jurisdiction of the appellant at the time of his entry of a written appearance in that court, which was signed at Jackson, Mississippi, whereby he said that he "was taking cognizance of all of the proceedings and evidence, submitting the same for consideration by the court the same as though he had appeared personally in all of said proceedings, and submits himself to the jurisdiction of the court." The proceedings were instituted by the appellee on August 21, 1936, and the appellant testified that he took up his residence in Mississippi on September 1, 1936. When asked if he was a resident of Louisiana on August 21, 1936, he answered, "Well, I guess you would call it a resident of Louisiana."

Where the court has jurisdiction of the subject matter, territorial jurisdiction of the parties is determined by their place of residence at the time the suit is filed. Moreover, the Louisiana court, in the case of Mutual National Bank v. Moore, 50 La. Ann. 1332, 24 So. 304, 306, held that an entry of appearance signed in one state, and filed in a court of another state, "means just what it says, and an appearance in a pending cause signifies an appearance for every purpose in said cause. Otherwise it would be meaningless. It was prepared, as its language and terms fully import, for use in that suit, and the defendants are conclusively bound thereby." Furthermore, the instrument filed by the appellant in the cause pending in the said district court agreed that in the event the court should grant appellee a divorce, a judgment might be rendered against him, fixing alimony for the support of appellee and his minor daughter, Gladys Compton, at $60 per month. Therefore, we are of the opinion that the court acquired jurisdiction to render the judgment, the same as if he had filed an answer or other formal pleading in the case.

The Mississippi decisions cited by appellant on the insufficiency of certain forms of waiver and entry of appearance, such as Industrial Investment Co. v. Standard Life Ins. Co., 170 Miss. 138, 149 So. 883, and Boone v. Miller, 160 Miss. 287, 133 So. 121, are not controlling; since the validity of the judgment here involved must be determined by the laws of Louisiana. Nor is the case of Nelson v. Employers' Casualty Co. (La. App.), 141 So. 619, applicable, because in that case the parish in which the suit was brought had no jurisdiction of the suit, and could not have acquired any, for the reason that Act No. 20 of 1914, as amended by Act No. 38 of 1918, of the Laws of Louisiana, required that the suit be brought in a different parish than that in which the judgment was rendered.

Finally, it is contended that the decree rendered against the appellant in the court below for the amounts of the past-due instalments must be reversed for the reason that appellee failed to offer any proof that the same had not been paid; that answer under oath was not waived, and that appellant answered under oath and denied that the sum claimed, or any other amount, was past due and owing by him to appellee. The position would be well taken, except for the fact that the answer also stated, "and defendant admits that he has not paid said amounts in accordance with said decree." Nor was payment otherwise claimed. Hence, no proof other than the duly certified transcript of the foreign proceedings was necessary.

Affirmed.