HATRAK *v.* HATRAK.

In Banc. April 11, 1949.

(39 So. (2d) 779)

**Davis & Hammond,** for appellant.

242

**Dale & Dale**, for appellee.

**McGehee, C. J.**

This is a proceeding in chancery to obtain a decree for the purpose of enforcing by execution or otherwise in this state the collection of certain past due and unpaid installments on an allowance made for the support of Diane Hatrak, now eleven years of age, the daughter of the appellant George Hatrak, under a decree rendered by the Superior Court of Lake County, Indiana, on August 20, 1946, in a divorce proceeding wherein the appellee, Mrs. Jewel Hatrak, was awarded a divorce and the custody of

such minor child and wherein the defendant therein was required to pay into the clerk's office of said Indiana Court the sums allowed at $50 per month.

Although the bill of complaint is filed by the mother, custodian, and the present natural guardian and next friend of the minor, in her own name as complainant, it is manifestly a suit for the benefit of her said minor child and is one brought in the child's behalf, as shown by the nature and character of the allegations therein contained.

There was exhibited with the bill of complaint and originally made a part thereof, a duly authenticated copy of both the bill of complaint filed in the Indiana court and also such a copy of the decree rendered therein. The trial court from which this appeal here is taken, suspended the hearing during the trial in order that other papers in the foreign suit might be procured, and it is recited in the final decree thereafter rendered in the present proceeding that a duly certified copy of the proceedings had in the Indiana Court was before the court which rendered the decree now here under review.

Moreover, there was no contention made by the appellant either in his answer to the present suit or on the trial thereof that the foreign decree was invalid or that it had been modified in any respect by the Indiana Court. Nor is it claimed that the payments under the Indiana decree have been made, except that the appellant avers that he has "paid all that he could."

It was shown by a certificate of the clerk of the Indiana Court, made under the Act of Congress, the amounts that have been paid under the degree according to the entries on his official records, which are presumed to be correct, leaving a balance in default in the sum of $630, being the amount sued for. The past due and unpaid installments were shown by the testimony of the appellee in the present suit to correspond to the amount sued for based upon the sums received by her on behalf of the minor child from the clerk of the Indiana Court,

who is presumed to have accounted for all payments received by him. Moreover, there is no proof to the contrary.

The complaint in the instant case not only prayed for a decree for the past due and unpaid portion of the installments aggregating the said sum of $630, but also asked the trial court in this State to fix the amount of future installments to be paid for the support of the said minor child of the parties. Accordingly the trial court rendered a decree for the amount sued for in the sum of $630 and provided that future payments be made at the rate of $30 per month instead of the $50 per month provided for under the Indiana Court decree.

The appellee takes no cross-appeal from the action of the trial court in thus reducing the $50 monthly allowance, but the appellant complains of this action on the alleged ground that a court in Mississippi is without jurisdiction to render a decree either for the past due and unpaid installments under the Indiana Court decree or for the amount to be paid monthly in the future, under the full faith and credit clause of the Constitution of the United States, Article 4, Section 1 thereof, for the reason that the decree of the Indiana Court does not possess such finality as to entitle it to enforcement in this State under such full faith and credit clause of the Federal Constitution. We agree with this contention as to future payments, since the Indiana Court having full jurisdiction in the premises has the right to modify the decree as to future allowances at any time, according to the financial ability of the father and the needs and requirements of the minor child. Moreover, the said defendant can not be subjected to liability under the decree of the Indiana Court for future payments of $50 per month and under a decree of our Court for the sum of $30 a month for the same purpose.

The suit here is one to enforce a compliance with the decree of the Indiana Court, on which the present suit is

expressly predicated, and is not a separate and independent suit against a defendant who moved to Mississippi shortly after the rendition of the foreign decree, if indeed the Indiana Court decree is not res adjudicata as to future payments until the same shall have been modified by the court wherein the decree in that behalf was rendered.

As to the juisdiction of a court in this State to render a decree for the $630 now past due and unpaid, and which would be enforcible by execution under such decree here, we think is controlled by whether or not the statutes and decisions of the State of Indiana would authorize a court in that State to modify its decree as to such past due and unpaid allowance.

An examination by us of the Indiana Code chapter on Divorce (1946 Replacement of the 1933 Edition of Burns' Indiana Statutes Annotated, § 3-1201 et seq.) and the statutes for the allowance of alimony for the wife and support money for the child of a marriage, together with an examination of the decisions of the Appellate Court of Indiana annotated under such statues, fails to disclose any authority for modification of the decree of a trial court in that state as to past due and unpaid allowances that may have accrued.

In Gallant v. Gallant et al., 154 Miss. 832, 123 So. 883, this Court held that alimony due under a permanent alimony decree rendered by a court of Louisiana could not be recovered in this State under the full faith and credit clause of the Constitution of the United States where by a provision of the Revised Civil Code of Louisiana such a decree could be annulled, varied or modified by the court rendering it. But thereafter we held in the case of Compton v. Compton, 188 Miss. 670, 196 So. 635, that since the question of whether a Louisiana judgment awarding monthly alimony to a divorced wife was revocable in Louisiana as to past due monthly installments, or was final in Louisiana so as to be enforcible in Mississippi under the full faith and credit clause of the Federal

Constitution, must be decided by the laws of Louisiana and the decisions of the Louisiana courts, such past due installments could be enforced in the court of Mississippi for the reason that the Supreme Court of Louisiana held subsequent to the decision in the case of Gallant v. Gallant et al., supra, when deciding the case of Snow v. Snow, 188 La. 660, 177 So. 793, that a decree for past due installments could not be revoked by a Louisiana court which rendered the original decree.

In an annotation contained in 157 A.L.R. 182, supplementing an annotation in 41 A.L.R. 1419 and which supersedes the suplemental annotations in 46 A.L.R. 1200, and 57 A.L.R. 1113, it is recognized that generally speaking the right to alimony under a decree for future installments of alimony becomes absolute and vested upon the installments becoming due and is then protected by the full faith and credit clause as a debt of record, provided no modification decree has been made prior to the maturity of the installments, and the cases of Gallant v. Gallant et al., supra, and Compton v. Compton, supra, are discussed and analyzed under the annotation.

We are, therefore, of the opinion that the Indiana decree here involved is enforcible in this State as to the past due and unpaid installments in the courts of this State under the full faith and credit clause of the Federal Constitution but that under the cases cited in the said annotation and numerous other decisions, such decree is not enforcible as to future installments.

In the case of Pavuk v. Scheetz, 108 Ind. App. 494, 29 N.E. (2d) 992, the Indiana Court held that in order for a divorced wife to recover a judgment on support money ordered paid for the support of children, and being due and unpaid, it is incumbent upon her to prove what amounts she was required to pay and did pay, or the reasonable value of commodities furnished by her for the maintenance of said children out of her own earnings or funds, and that such expenditures were required

on her part because of the needs of the children awarded to her custody, and the failure of the father to pay support money in accordance with the decree of the court granting such custody to her. The appellee herein testified that she was furnishing the child a home in an apartment at Hammond, Indiana, for which she pays $53.50 per month as rent; that she has to hire someone to take care of the child while she is at work, to whom she pays $5 per week and furnishes a lunch, in addition to having to feed and clothe, send to school, etc., this child and all at an expense of at least $50 per month since the rendition of the decree awarding its custody to her. And, of course, she has had to defray any dental, medical and other expenses of the child during that time. We are, therefore, of the opinion that at the high cost of living which has prevailed since the rendition of such decree the proof is ample to comply with the law in Indiana in order to entitle her to recover the past due payments of support money sued for.

The decree of the trial court will, therefore, be affirmed insofar as the judgment in the sum of $630 is concerned, and reversed and the bill dismissed insofar as the award of the $30 per month in future payments is provided for.

Affirmed in part, reversed in part and decree here accordingly.