### GARD v. GARD.
### No. 4784.

Court of Civil Appeals of Texas. El Paso.
March 7, 1951.

Rehearing Denied March 28, 1951.

Alfred E. Creigh, Jr., Alpine, for appellant.

Mae M. Ament, Alpine, for appellee.

SUTTON, Justice.

This is an appeal from a judgment of the District Court of Brewster County.

Lucile W. Gard sued Arthur James Gard to recover the principal sum of $3,285.00, alleging the same to be due under a provision of a judgment of a District Court of the State of Idaho in a divorce proceeding between the same parties decreeing the defendant, Arthur James Gard, should pay to the plaintiff, Lucile W. Gard, the sum of $30.00 per month for the support and education of their two minor children when the plaintiff was gainfully employed, and $50.00 per month when she was not employed. Plaintiff sued to recover in her individual capacity and sought and obtained a personal judgment for the principal sum above, together with interest (without specifying the rate) and costs of suit. The trial was to the Court without a jury.

The judgment sued upon was entered July 7, 1936, and the provision upon which this suit is predicated reads as follows, to wit: "IV. That the defendant shall pay to plaintiff for the support and education of said minor children the sum of $30.00 per month during such time as plaintiff shall have gainful employment, and $50.00 per month when the plaintiff shall be out of employment, and that the first payment shall be made on or before the first day of September, 1936, which payment shall be for the month of September, 1936. Said payments shall continue until the younger child shall reach the age of 18 years."

The younger child reached the age of 18 years on March 2, 1946, and this suit was filed on June 30, 1947.

The case was tried on the testimony offered by the plaintiff alone.

The defendant has briefed 16 points of error but we regard the answer to one question decisive of the case and the appeal.

■■■ Plaintiff regarded the quoted provision a personal judgment in her favor for the sums of money therein named and predicated her suit thereon, suing as we have already noted in her individual capacity, and recovered in the same manner. Such is not the case. It is obvious the recovery is for the benefit of the children, and creates no cause of action in favor of the plaintiff personally and individually. It is said in 27 C.J.S., Divorce, § 321(b), page 1221, the wife to whom an award is made for the benefit of the children has no proprietary rights in the amounts ordered to be paid by the husband for the support of the children, and the money can only be used for their benefit. Our statute makes it plain the award may be made to some other than the mother, Art. 4639a V.C.S., and provides, Sec. 1a the person or persons to whom the award is made shall file monthly reports setting out an itemized statement of the expenditures of the sum or sums so received.

■■■ The provision for the support of the children in the instant case had ceased to be operative on March 2, 1946. Prior to that date while the children were receiving the benefit of the money awarded for their support and education, the plaintiff mother had a cause of action for the delinquent payments for the purposes for which awarded but not otherwise. There was never a time when the children had a cause of action for support, because a child may not maintain a suit against a parent for support; such a suit can only be maintained as one for debt by the other parent or some one else who has furnished necessaries for the child. Echols v. Echols, Tex. Civ.App., 168 S.W.2d 282, (e.r.) and the cases there cited; Garza v. Garza, Tex. Civ.App., 209 S.W.2d 1012; Price v. Price, Tex.Civ.App., 197 S.W.2d 200 (e.r.). Thus is appears the only suit the plaintiff in this case could maintain is one for debt based upon the amounts she expended, or otherwise supplied for necessities the defendant failed to supply. The amount ordered to be paid by the Idaho judgment is not the measure of her damages. It might be more or it might be less than the amount she expended or furnished for the necessities of the children. A recovery of a greater amount was upheld in the case of Maxwell v. Maxwell, Tex.Civ.App., 204 S.W.2d 32.

■■■ Based upon sound reason and some respectable authority, Pavuk v. Scheetz, 108 Ind.App. 494, 29 N.E.2d 992; Hatrak v.

412

Hatrak, 206 Miss. 239, 39 So.2d 779, it is said in 27 C.J.S., Divorce, § 321e(a), page 1225, in order to recover a divorced wife must plead and prove what amounts she was required to pay and did pay, or the reasonable value of commodities furnished by her, and that such expenditures were required to be paid by her because of the needs of the children, and that the husband had failed to make the payments in accordance with the decree.

It is our conclusion, under the record made by the plaintiff's own pleadings and proof, she was not entitled to recover as she did and the judgment of the trial court is erroneous. These conclusions effectively dispose of all the points raised on the appeal and renders unnecessary a discussion of the several issues discussed in the briefs. We elect to reverse and remand the case rather than render it in order that the plaintiff may amend her pleadings and pursue such cause of action as she may have and may be able to support by proper proof.