648 So.2d 54 (1994)
Rebecca E. PETERSON
v.
John H. PETERSON.
No. 93-CA-00273.
Supreme Court of Mississippi.
November 17, 1994.
As Modified on Denial of Rehearing January 19, 1995.
Alfred Lee Felder, McComb, for appellant.
W. Bruce Lewis, Gwin Lewis & Punches, Natchez, for appellee.
Before DAN M. LEE, P.J., and McRAE and SMITH, JJ.
McRAE, Justice, for the Court:
This appeal arose from a February 4, 1993 order of the Jefferson County Chancery Court which dismissed Rebecca Peterson's motion to set aside a property settlement agreement and other relief filed pursuant to M.R.C.P. 60(b)(6) and 60(b)(4). At issue is whether a waiver and entry of appearance form signed on the same day the divorce was filed, but dated the following day, is simply an irregularity or whether it fails to meet the requirements of M.R.C.P. 4(e) and serves to void the divorce and property settlement. We find such failure, coupled with other irregularities, to warrant a reversal. Also at issue is whether the trial judge erred in holding that Rebecca could not attack the validity of the judgment with facts beyond the record. We affirm on this issue.

I. FACTS
John and Rebecca Peterson were married on November 20, 1967 in Las Vegas, Nevada. They are the parents of four children, only one of whom was unemancipated at the time of these proceedings. On Friday, May 27, 1988, John Peterson filed for divorce on grounds of habitual cruel and inhuman treatment in the Jefferson County Chancery Court. As the Special Chancellor noted, the complaint was worded similarly to a complaint for divorce on grounds of irreconcilable differences, providing for settlement of child custody and property division matters. A document entitled "Property Settlement and *55 Child Custody Agreement" was signed by both parties and dated and filed May 27, 1988. Also on May 27, 1988, Rebecca Peterson signed a waiver of process and entry of appearance form which was dated and marked as filed Saturday, May 28, 1988. Without further ado, a final decree of divorce was entered after the Memorial Day holiday, on May 31, 1988. An amended property settlement was entered on June 3, 1988, along with a quitclaim deed conveying all real property jointly owned by the parties to John Peterson. Under the terms of the agreement, Rebecca Peterson would receive $500.00 per month beginning June 1, 1988 and ending May 1, 1989; within three years, an interest in real estate not to exceed $10,000.00; and a 1986 Nissan pick-up truck.
On January 23, 1989, Rebecca Peterson filed a motion to set aside the property agreement, for injunctive relief, and for relief. She alleged that through the parties' joint efforts, assets worth approximately $1 million had been acquired during the course of the marriage, including the marital dwelling, a McDonald's franchise which was sold in March, 1988, several parcels of land in Jefferson County, cattle and farm equipment. She further alleged that she had signed both the original and amended property settlements under duress, coercion, intimidation and threats, "for fear of being physically abused and injured." She sought an equitable distribution of the assets accumulated during the marriage and the issuance of an injunction to enjoin John Peterson and XYZ Defendants from disposing of the assets. The chancellor issued a temporary restraining order on January 23, 1989, enjoining the disposition of assets accumulated during the marriage until a hearing could be held on the matter. John Peterson's motion to dismiss was overruled by the chancellor on March 30, 1989.
John Peterson filed a motion for summary judgment on September 15, 1992, asserting that Rebecca's claims were barred by her failure to timely pursue the case as well as her conduct subsequent to the divorce. That motion was denied on October 30, 1992. Referring to his October 1, 1992 order bifurcating the issues, the chancellor ordered that an initial trial would be held in January, 1993 to consider whether the decree and property settlement were void pursuant to Rules 60(b)(4) and 60(b)(6).
On January 25, 1993, the special chancellor entered an order in favor of John Peterson and dismissed Rebecca Peterson's complaint. He found that Rebecca was not entitled to challenge the validity of the judgment using facts outside the record, and further, even if she were, "what transpired with regard to the waiver could only be denominated as irregular or improper."

II. DISCUSSION OF LAW

A. DID THE TRIAL COURT ERR IN HOLDING THAT IT WAS SIMPLY AN IRREGULARITY THAT A WAIVER AND ENTRY OF APPEARANCE WAS SIGNED THE SAME DAY AS THE COMPLAINT FOR DIVORCE WAS FILED?
Rule 4(e) of the Mississippi Rules of Civil Procedure provides as follows:
Waiver. Any party defendant who is not an unmarried minor, mentally incompetent, or convict of felony may, without filing any pleading therein, waive the service of process or enter his or her appearance, either or both, in any action, with the same effect as if he or she had been duly served with process, in the manner required by law on the day of the date thereof. Such waiver of service or entry of appearance shall be in writing dated and signed by the defendant and duly sworn to or acknowledged by him or her, or his or her signature thereto be proven by two (2) subscribing witnesses before some officer authorized to administer oaths. Any guardian or conservator may likewise waive process on himself and/or his ward, and any executor, administrator or trustee may likewise waive process on himself in his fiduciary capacity. However, such written waiver of service or entry of appearance must be executed after the day on which the action was commenced and be filed among the papers in the cause and noted on the general docket.
M.R.C.P. 4(e) (emphasis added). Miss. Code Ann. § 13-3-71 (1972), which tracked the *56 language of the rule, was repealed effective July 1, 1991.[1] 1991 Miss. Laws ch. 573, § 141.
John Peterson filed for divorce on grounds of cruel and inhuman treatment on May 27, 1988. That same day, contrary to the statute, Rebecca Peterson also signed a waiver of process and entry of appearance form which had been pre-dated May 28, 1988.
Rebecca contends that because she actually signed the waiver and entry of appearance form on May 27, 1988, the day on which John Peterson filed the complaint for divorce, and not on May 28, 1988, the date typed on the form, the ensuing divorce and property settlement are void or voidable. She testified that she signed the documents under duress, fearing physical abuse and John's threats to have her put in jail. John, however, asserts that she had notice of the divorce and that she waived any defect by waiting eight months to challenge the document and by her reliance on the divorce decree in her conduct with other men.
In divorce cases, the Mississippi Rules of Civil Procedure have only limited applicability; rather, proceedings are governed by Miss. Code Ann. § 93-5-1 et seq. Holmes v. Holmes, 628 So.2d 1361, 1363 (Miss. 1993); Rawson v. Buta, 609 So.2d 426, 430 (Miss. 1992). However, where the statutes are silent, the Rules govern. Holmes, 628 So.2d at 1363; Rawson, 609 So.2d at 430. The divorce statutes do not cover the issue of waiver, therefore, the language of M.R.C.P. 4(e) controls whether pre-dating the waiver is a violation, making the divorce decree void or voidable, or whether it is merely an irregularity.
In Matter of Adoption of A Minor, 558 So.2d 854 (Miss. 1990), this Court addressed waivers in the context of a birth mother's consent to adoption. Observing that the consent to adoption and waiver of process were executed on the same day that the petition for adoption was filed, the Court reiterated that Rule 4 and former Miss. Code Ann. § 13-3-71 "clearly require that the waiver be executed on a day following." 558 So.2d at 857. Although this Court refused to find that the waiver was ineffective, it expressed concern over the entire adoption proceeding at bar and stated "[p]rudence and careful legal draftsmanship at least suggest, however, that any document headed `waiver' be executed on a date following filing of the petition." Id.
The Adoption case is distinguished from the case sub judice. From the decision in the Adoption case, it appears that while the language of the statute is mandatory, failure to wait a day before filing a waiver and entry of appearance is not sufficient to void a judgment. The issue in an adoption case is whether or not there will be an adoption whereas the parties in a divorce proceeding do not know what the exact issues will be argued.
Rebecca's argument focuses on the statute's command that a waiver must be executed on the day after a petition is filed. She asserts that the requirement is mandatory, creating more than a mere imperfection or irregularity. John contends that there is a distinction between executing the waiver and signing, dating and swearing to it. He asserts that there is no requirement that the waiver be signed, dated and sworn to on the day after the complaint is filed, but only "executed." However, this is contrary to the Comment to Rule 4(e) which expressly states, "[t]he waiver must be dated and signed by the defendant after the day on which the action is commenced."
While the record indicates that Rebecca had notice that John intended to file for divorce and further, that she relied on the validity of the divorce in her post divorce conduct, Rebecca thought the divorce would be based upon irreconcilable differences which would have given her sixty days to acquire additional proof had the grounds for divorce changed.
Other "irregularities" not raised by Rebecca's attorney in the motion to set aside the *57 property settlement or in this appeal warrant this Court's attention. The record indicates that the chancellor granted the divorce only four days after the complaint was filed,[2] without the benefit of a response from Rebecca (who was not represented by counsel), without specific allegations of cruel and inhuman treatment, and without corroborating evidence or a hearing. The pleadings give absolutely no indication of the nature of the cruel and inhuman treatment John alleges, and the remainder of the record is equally silent. It appears that the original court file was lost, but reconstructed using "counsel's copies."
In this case, the chancellor, in effect, granted a default judgment. John Peterson made neither specific allegations nor put on any evidence of cruel and inhuman treatment; Rebecca was given no opportunity to rebut the complaint or file her own counter-complaint. Even where a divorce on grounds of cruel and inhuman treatment is uncontested, there must be corroboration of the plaintiff's testimony. Miss.Unif.Chan.Ct.R. 8.03. Since no evidence was presented, there was no opportunity for corroboration.
As the chancellor noted, although John sought and was granted a divorce on the ground of cruel and inhuman treatment, the complaint and ensuing custody and property agreement read like a complaint for divorce on the ground of irreconcilable differences pursuant to Miss. Code Ann. § 93-5-2. In fact, Rebecca thought she was pursuing a divorce on the ground of irreconcilable differences. Even if the chancellor had granted a divorce on this ground, from procedural standpoint, the decision would be wrong because § 93-5-2(4) requires that the complaint for divorce must have been on file for sixty days before it can be heard.
This case is reversed and remanded for further determination. All matters decided as a result of the decree are null and void and should be brought in another hearing.

II. DID THE TRIAL JUDGE ERR IN HOLDING THAT THE APPELLANT COULD NOT ATTACK THE VALIDITY OF THE JUDGMENT BY FACTS BEYOND THE RECORD.
In his findings of facts and conclusions of law, the chancellor determined that Rebecca's attack on the divorce judgment could not be made with facts not in the record. Rebecca assailed his reliance on 6 C.J.S. Appearances § 17a for the proposition that "[w]here an appearance is in issue, the matter must be tried by the record alone, and not by other evidence ..." She argued that this statement had been taken out of context because of his failure to quote the rest of the passage, which reads as follows: "and hence the appearance of a party by attorney must appear in some way on the record, where such appearance is material." Although Rebecca did not complain in her appeal that any specific evidence was disallowed and the chancellor considered testimony and depositions as well as the documents contained within the reconstructed record, his reliance on the passage from C.J.S. is misplaced. To the contrary, where issues affecting the validity of process, as well as waiver thereof and entry of appearance, have been raised, it is well-established that either party may attack the truthfulness of the process involved. Miss. Code Ann. Sec. 13-3-87; Pointer v. Huffman, 509 So.2d 870, 872 (Miss. 1987) (truthfulness of service could be shown by testimony of party); Reichman-Crosby Co. v. Horton, 143 Miss. 141, 146, 108 So. 443 (1926). Therefore, a party may go beyond the record when attacking a waiver of process and entry of appearance.
In conclusion, Rule 4(e) requires that a waiver of process be signed, dated and filed after the date a complaint is filed. While deviance from this practice appears to have been dismissed as a mere irregularity in other types of cases, the language of the rule and the comment suggest otherwise. We further find that the party assailing the truthfulness of the service of process or waiver thereof is not limited to the record. All things considered, this case is reversed and *58 remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
PRATHER, P.J., concurs in results only.
NOTES
[1] The purpose of the statutory one-day waiting period, now part of Rule 4(e), was to place "safeguards around such waiver of process and entry of appearance as will prevent, as far as any pleading would, collusion in the suit or fraud upon the courts." Cullens v. Cullens, 187 Miss. 731, 193 So. 805, 807 (1940). Neither party, however, alleges fraud or collusion.
[2] M.R.C.P. 40(b) requires that a case be on the docket for at least twenty (20) days before the date set for trial unless the parties have agreed otherwise. There is no evidence in the record that the parties agreed to waive the twenty day waiting period, or for that matter, to waive the hearing.