IN THE SUPREME COURT OF MISSISSIPPI
NO. 1998-CA-01581-SCT

*REBECCA E. PETERSON*

*v.*

*JOHN H. PETERSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/12/1997 |
| TRIAL JUDGE: | HON. DONALD B. PATTERSON |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | ALFRED L. FELDER |
| ATTORNEY FOR APPELLEE: | T. JACKSON LYONS |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED - 02/08/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/1/2001 |

**BEFORE BANKS, P.J., SMITH AND COBB, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. This case is again on appeal to this Court from a prior remand of the Court. *See **Peterson v. Peterson***, 648 So.2d 54 (Miss. 1994). The issue then before this Court involved whether a waiver of process and entry of appearance form signed on the same day the divorce was filed, but dated the following day, is simply an irregularity or whether it fails to meet the requirements of M.R.C.P. 4(e). This Court held that the failure to comply was sufficient to warrant a reversal and the divorce was therefore void.

¶2. During the remand period however, the Petersons secured a divorce in Louisiana. The parties agreed that the only issue left for the trial court was whether the property settlement agreement should have been set aside after Rebecca E. Peterson (hereinafter "Mrs. Peterson") attempted to withdraw from it. The chancellor upheld the validity of the property settlement. Mrs. Peterson then filed post-trial motions for judgment as a matter of law and for a new trial. These post-trial motions were denied, and Mrs. Peterson appeals to this Court for the second time.

## FACTS

¶3. Rebecca E. and John H. Peterson were married on November 20, 1967 in Las Vegas, Nevada. There were four children born to their marriage, Cheryl, John, Sharon, and Benajah.

¶4. On May 27, 1988, John H. Peterson (hereinafter "Mr. Peterson") filed a complaint for divorce before the Chancery Court of Jefferson County, Mississippi. The alleged ground for divorce was cruel and inhuman treatment. Unusual to this type of divorce complaint, the complaint included a recitation that the parties were submitting an agreement as to child support, child custody, alimony, and property division. This

language made the complaint appear to be for irreconcilable differences. For this reason, Mrs. Peterson alleges that she believed she was entering into a no-fault divorce. The same day, May 27, 1988, a property settlement and child custody agreement was filed with the chancery court. The following day, May 28, 1988, a waiver of process and entry of appearance was filed with the court. The final decree of divorce was entered into on May 31, 1988, on the grounds of cruel and inhuman treatment. Three days after the divorce was final, Mrs. Peterson and Mr. Peterson signed and filed an amended property settlement agreement. Approximately seven months later, Mrs. Peterson petitioned the court to set aside that property settlement agreement. Mrs. Peterson claimed that she signed both the property settlement and the child custody agreement under duress, coercion, intimidation, and as a result of certain threats made against her. She also claimed that the property settlement agreement was void due to lack of consideration.

¶5. The chancellor, who was originally assigned to this case, recused himself on July 1, 1991, and a special chancellor was appointed. Mr. Peterson moved for summary judgment on September 14, 1992 and the motion was denied. A hearing was held on January 25, 1993. Then, the court signed the judgment on February 4, 1993 which dismissed Mrs. Peterson's motion to set aside a property settlement agreement and other relief sought pursuant to M.R.C.P. 60(b)(6) and 60(b)(4).

¶6. Accordingly, Mrs. Peterson filed her notice of appeal on March 11, 1993, in the Chancery Court of Jefferson County, Mississippi. The issue presented to this Court on her first appeal was whether a waiver of process and entry of appearance form signed on the same day the divorce was filed, but dated the following day, was simply an irregularity or whether it failed to meet the requirements of M.R.C.P. 4(e) and serves to void the divorce and property settlement. On November 17, 1994, this Court reversed and remanded the case holding that this failure, along with other irregularities, did warrant a reversal and the divorce was void. A petition for rehearing was then filed on November 30, 1994. This Court modified its original opinion on January 19, 1995 and added that "a party may go beyond the record when attacking a waiver of process and entry of appearance."

¶7. During the pendency of the remand, on November 18, 1996, the parties secured a divorce in Louisiana. On May 14, 1997, Mrs. Peterson filed her "Notice by Defendant Rebecca E. Peterson that She Withdraws Her Agreement to Any Property Settlement and/or Child Custody Agreement." Prior to the hearing following remand, the parties agreed that the only issue to be heard was whether the property division agreement should be set aside. The chancellor held that Mrs. Peterson failed to carry the burden of persuasion establishing duress, coercion, and intimidation and upheld the property settlement and child custody agreement.

¶8. The chancellor denied Mrs. Peterson's M.R.C.P. Rule 59 Motion for a New Trial, Motion to Alter or Amend Judgment, and Motion for Judgment Notwithstanding the Verdict under M.R.C.P. Rule 50. Aggrieved by the judgment of the Chancery Court of Jefferson County, Mississippi, Mrs. Peterson raises the following issues in her appeal:

> **I. THE TRIAL COURT ERRED IN NOT SETTING ASIDE THE PROPERTY SETTLEMENT AGREEMENT AFTER THE WIFE ATTEMPTED TO WITHDRAW FROM IT.**
>
> **II. THE PROPERTY SETTLEMENT AGREEMENT WAS GROSSLY INADEQUATE AND UNCONSCIONABLE.**

**III. THE PROPERTY SETTLEMENT AGREEMENT IN UNENFORCEABLE BECAUSE IT WAS PROCURED BY DURESS.**

**IV. THE PROPERTY SETTLEMENT AGREEMENT WAS AN UNCONSCIONABLE CONTRACT AND SHOULD NOT BE ENFORCED IN EQUITY.**

## STANDARD OF REVIEW

¶9. When this Court reviews a chancellor's decision, we will accept the chancellor's findings of fact as long as the evidence in the record reasonably supports those findings. *In re Estate of Taylor v. Thompson*, 609 So.2d 390, 393 (Miss.1992). The findings of a chancellor are upheld unless those findings are clearly erroneous or an erroneous legal standard was applied. *Hill v. Southeastern Floor Covering Co.*, 596 So.2d 874, 877 (Miss.1992). However, where the factual findings of the chancellor are supported by substantial credible evidence, they are insulated from disturbance on appellate review. *Jones v. Jones*, 532 So.2d 574, 581 (Miss.1988) (citing *Norris v. Norris*, 498 So.2d 809, 814 (Miss.1986); *Carr v. Carr*, 480 So.2d 1120, 1122 (Miss.1985)).

## I.

¶10. When this case first came before this Court, the main issue was whether a waiver and entry of appearance form signed on the same day as the divorce was filed but dated the following day, is simply an irregularity or whether it fails to meet the requirements of M.R.C.P. 4(e). We held that, in accordance with M.R.C.P. 4(e), written waiver of service or entry of appearance must be executed after the day on which the action was commenced and be filed among the papers in the cause and noted on the general docket. *Peterson v. Peterson*, 648 So.2d 54, 57 (Miss. 1994). This Court noted that the one day waiting period was designed to prevent collusion in suit or fraud upon the courts. *Id.* (citing *Cullens v. Cullens*, 187 Miss. 731, 193 So. 805, 807 (1940)).

¶11. Besides this irregularity, we also noted that the chancellor did not follow the procedural guidelines of Miss. Code Ann. § 93-5-2(4) which requires that a complaint for divorce be on file for sixty days before it can be heard. The chancellor had granted a divorce only four days after the complaint was filed. This was, in effect, a default judgment. This Court previously noted that for all practical purposes the parties appeared to treat the matter as an irreconcilable differences divorce even though nominally it was on based upon fault. In divorces based upon irreconcilable differences, the property settlement must be reviewed by the court to determine whether the agreement is equitable. Miss. Code Ann. § 93-5-2(2). It is noteworthy that the divorce agreement here specifically states that it is effective only upon approval of the court.

¶12. More importantly, previously we specifically held that "all matters decided as a result of the divorce decree are null and void and should be brought in another hearing." *Peterson*, 648 So.2d at 57. This included the property settlement agreement which is the basis for this new appeal to our Court. The parties, along with the chancery court, apparently overlooked this part of the Court's prior opinion.

¶13. A new hearing on this property settlement agreement was never held as required by our previous opinion. Accordingly, the property settlement agreement is null and void and a new hearing must be held. Therefore, we again, reverse and remand this case back to the chancery court for further findings not inconsistent with this opinion.

¶14. **REVERSED AND REMANDED.**

**PITTMAN, C.J., BANKS, P.J., MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR. McRAE, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, C.J.**

**McRAE, PRESIDING JUSTICE, SPECIALLY CONCURRING:**

¶15. I concur with the majority that because a hearing on the property settlement in this case was never held, as required by our previous ruling in *Peterson v. Peterson*, 648 So. 2d 54, 57 (Miss. 1995), the property settlement is null and void. A new hearing must be held to determine the property distribution. The chancery court on this appeal ignored the ruling of *Peterson*, *supra*, that all matters should be brought in another hearing. The lower court once again erred by not holding a hearing as to the property settlement.

¶16. I write to specially concur to prevent another appeal to this Court based upon this recurring issue. The lower court must hold a hearing to determine the fairness of a property settlement to both parties involved. Mrs. Peterson received only $15,000 to $20,000 and a truck from assets valued at approximately one million dollars. Considering the length of the marriage and contributions made from both parties, this cannot and is not an equitable distribution.

¶17. The chancery court must act in accordance with the law of equitable distribution in our state. The leading case of *Ferguson v. Ferguson*, 639 So. 2d 921, 928-29 (Miss. 1994), sets forth criteria to be considered by chancery courts in effecting an equitable distribution of marital property. The list was not intended to be exhaustive, but to provide guidance to the chancery courts in determining an equitable distribution of property. The list includes the following:

1. Substantial contribution to the accumulation of property. Factors to be considered in determining contribution are as follows:

a. Direct or indirect economic contribution to the acquisition of the property;

b. Contribution to the stability and harmony of the marital and family relationships as measured by quality, quantity of time spent on family duties and duration of the marriage; and

c. Contribution to the education, training or other accomplishment bearing on the earning power of the spouse accumulating the assets.

2. The degree to which each spouse has expended, withdrawn or otherwise disposed of marital assets and any prior distribution of such assets by agreement, decree or otherwise.

3. The market value and the emotional value of the assets subject to distribution.

4. The value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse;

5. Tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution;

6. The extent to which property division may, with equity to both parties, be utilized to eliminate

periodic payments and other potential sources of future friction between the parties;

7. The needs of the parties for financial security with due regard to the combination of assets, income and earning capacity; and

8. Any other factor which in equity should be considered.

*Id.* at 928.

¶18. The original divorce decree was found null and void in ***Peterson***, *supra*. Any other proceedings were to be brought by a separate hearing. After the Petersons secured a divorce in Louisiana, the property settlement had yet to be resolved. The chancery court should have adhered to the prior ruling and held a proper evidentiary hearing to determine the value of and the equitable distribution of the property.

¶19. For the above reasons, I specially concur with the majority opinion.

**PITTMAN, C.J., JOINS THIS OPINION.**