733 So.2d 358 (1999)
Eric D. JAMES, Appellant,
v.
Kevin McMULLEN, Appellee.
No. 98-CA-00146 COA.
Court of Appeals of Mississippi.
February 9, 1999.
*359 Donald Wayne Medley, Hattiesburg, Attorney for Appellant.
M. McIntosh Forsyth, Richton, Attorney for Appellee.
BEFORE BRIDGES, C.J., DIAZ, PAYNE, and SOUTHWICK, JJ.
DIAZ, J., for the Court:
¶ 1. Eric James appeals the decision of the Forrest County Circuit Court to deny his motion for a stay of enforcement of a judgment entered against him on June 1, 1994. James asserts on appeal that there was no valid judgment entered because there was an absence of service of process. We find that James waived service of process by signing the judgment under the caption, "Read, Agreed, and Approved." Therefore, we affirm the decision of the circuit court.

FACTS
¶ 2. On May 27, 1994, a complaint was filed in the Forrest County Circuit Court by Kevin McMullen against Eric James and other defendants. No service of process was issued at this point. A copy of that complaint was furnished to James's attorney. After a meeting with James's attorney, an agreed judgment was entered by the circuit court on June 1, 1994. The judgment outlined that the court had personal and subject matter jurisdiction. Furthermore, the judgment was signed by James under the caption, "Read, Agreed, and Approved." Additionally, James's attorney, James D. Harrell, IV, also signed the agreed judgment.
DISCUSSION
¶ 3. The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted.
DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1264 (5th Cir.1983) (internal citations omitted). Mississippi law is clear that process must be issued in an action in order for jurisdiction of the court to commence:
The principal is universal that no judgment order or decree is valid or binding upon a party who has had no notice of the proceeding against him. The court must not only have jurisdiction of the subject matter, but also of the persons of the parties to give validity to its final judgment.
Rice v. McMullen, 207 Miss. 706, 727, 43 So.2d 195, 201 (1949). However, the Mississippi Supreme Court also stated that the "actual knowledge by a defendant of the pendency of a suit against him is immaterial, `unless there has been a legal summons or a legal appearance.'" Brown *360 v. Riley, 580 So.2d 1234, 1237 (Miss.1991)(citing Mosby v. Gandy, 375 So.2d 1024 (Miss.1979))(emphasis added).
¶ 4. In the case sub judice, James signed the actual judgment under the caption, "Read, Agreed, and Approved." Although service of process was not issued, James and his attorney both signed the judgment which constituted James making a legal appearance in the matter. Here, the judgment set forth both the personal and subject matter jurisdiction of the circuit court. Since James signed the judgment which indicated that he "Read, Agreed, and Approved" of its contents, we find that the circuit court correctly held that he waived service of process by making a legal appearance and was therefore not entitled to a stay of enforcement on a judgment legally entered against him.
¶ 5. THE JUDGMENT OF THE FOREST COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., THOMAS, P.J., IRVING, KING, LEE, PAYNE, JJ., CONCUR.
SOUTHWICK, J., CONCURS WITH SEPARATE OPINION JOINED BY McMILLIN, P.J. and COLEMAN, J.
SOUTHWICK, J., concurring
¶ 6. The majority is correct in its conclusion, but I write separately since in my view the analysis requires that additional statutes and rules be considered.
¶ 7. The central question arises from these two facts: 1) on May 27, 1994, a complaint was filed by McMullen against James; 2) on June 1, 1994, without process ever being issued, an agreed final judgment was entered acknowledging the amount of debt owed. That judgment was signed by an attorney for each party as well as by the parties themselves.
¶ 8. James first sought relief from this judgment under Rule 60(b) on September 22, 1994. M.R.C.P. 60(b). He alleged that his attorney failed fully to explain the proposed judgment and that he was not afforded adequate time to review the matter before signing the document. The motion was denied January 27, 1995. On October 2, 1997, another motion for relief from judgment was filed, this time raising the failure to serve process as well as allegedly erroneous and fraudulent statements made by McMullen in the 1994 complaint. It is from the denial of this second Rule 60 motion on January 23, 1998 that appeal has been taken.
¶ 9. James refers us to several precedents that have held that a judgment is invalid without service of process, even when the defendant is actually aware of the litigation. See, e.g. Mansour v. Charmax Industries, Inc., 680 So.2d 852 (Miss. 1996). What is important about these pronouncements is the context in which they were made. When a defendant is aware of a suit but is never served with process and does not appear in the litigation, there can be no judgment entered against him.
¶ 10. On the other hand, service of process is unnecessary if a defendant enters an appearance without insisting on being served. The Rules of Civil Procedure set out one procedure for waiving process, but that was not followed here:
(e) Waiver. Any party defendant who is not an unmarried minor, mentally incompetent, or convict of felony may, without filing any pleading therein, waive the service of process or enter his or her appearance, either or both, in any action, with the same effect as if he or she had been duly served with process, in the manner required by law on the day of the date thereof. Such waiver of service or entry of appearance shall be in writing dated and signed by the defendant and duly sworn to or acknowledged by him or her, or his or her signature thereto be proven by two (2) subscribing witnesses before some officer authorized to administer oaths. Any guardian or conservator may likewise *361 waive process on himself and/or his ward, and any executor, administrator, or trustee may likewise waive process on himself in his fiduciary capacity. However, such written waiver of service or entry of appearance must be executed after the day on which the action was commenced and be filed among the papers in the cause and noted on the general docket.
M.R.C.P. 4(e). We are confronted with the effect of an implied waiver of process or entry of appearance that did not comply with the formalities of Rule 4(e).
¶ 11. The reason for the waiver provision was explained by the supreme court a few years after a 1936 statute that is almost identical to the later Rule 4(e) was adopted:
All of our modern tendencies are to simplify proceedings so as to bring controversies to trial on their merits, and to administer justice according to law with as much speed as is consistent with due consideration of the matters involved. We think the statute authorizes the appearance without plea, and places safeguards around such waiver of process and entry of appearance as will prevent, as far as any pleading would, collusion in the suit or fraud upon the courts. We see no reason why parties may not appear under this statute during the term of Court and have their controversies adjudicated, where process had not been served, as fully and effectively as if it had been served in sufficient time to have taken a default for want of pleading.
Cullens v. Cullens, 187 Miss. 731, 193 So. 805, 807 (Miss.1940) (discussing an earlier codification of Miss.Code. Ann. § 13-3-71 (1972), repealed by Laws, 1991, ch. 573, § 141). A slightly earlier case stated that the form of the waiver was unimportant. The waiver could appear "at the bottom of the petition" filed by the other party, or could be "written on a separate sheet of paper acknowledged before the clerk and filed by him in the cause...." Townsend v. Beavers, 185 Miss. 312, 188 So. 1, 2 (1939).
¶ 12. The requirements of a valid waiver under Rule 4(e) include that it must be in writing, dated, and signed by the defendant. I would hold that the waiver can be on a separate document or on a pleading whose primary purpose is for something else. Arguably each of those elements exist here by the signature of James on the dated agreed judgment. The signature, though, must be "duly sworn to or acknowledged" or two subscribing witnesses must swear to authenticity. M.R.C.P. 4(e). That did not occur. I find it unnecessary to resolve whether there is an additional defect arising from the fact that the document did not explicitly state that process was waived. There certainly is an implication of waiver of process when a defendant signs a judgment ending the litigation.
¶ 13. I would hold that no valid waiver of process and entry of appearance was entered under this Rule. Failing to comply with Rule 4(e) is critical only if the rule is the sole means to make an entry of appearance without having been served with process. The majority implicitly finds that Rule 4(e) is not exclusive since it holds that a formal appearance in the litigation waives all service of process defects. That makes intuitive sense. Rule 4(e) usefully provides for a document in the court file indicating that a defendant who was never served with process made an appearance early in an action. The supreme court has long recognized other means to make an appearance. Indeed, a defendant is often held to have made an appearance when very little has been filed at all.
¶ 14. Appearance issues can arise both when a defendant has not been served, and also when a defendant arguably not subject to long-arm jurisdiction has received service but does not wish to submit to jurisdiction. Whether an appearance has occurred can be a fact question. In one recent case it was argued that an attorney for a defendant, who made a comment that *362 another defendant should be dismissed, had by so doing entered an appearance for that party. This Court disagreed:
Certainly, a person may waive process and enter an appearance, and that appearance may be made by an attorney authorized by the party to do so. However, a disputed assertion that such an event has occurred raises an issue of fact. The party claiming such an appearance has the burden of proof on the question.
Rains v. Gardner, 719 So.2d 768, 770 (Miss.App.1998), aff'd 731 So.2d 1192 (Miss.1999).
¶ 15. There is a substantial body of case law that recognizes the effectiveness of a party's voluntary appearance, without any discussion being made of whether that appearance complied with the statutory or Rule requirements.
A person does not become a party to an action by the mere naming of him in the title of the action. Voluntary appearance aside, a person becomes a party to an action only by the service of process upon him.
State for Use and Benefit of Moak v. Moore, 373 So.2d 1011, 1012 (Miss.1979).
[I]n our own state, no ground [is] left for dispute that in transitory actions, whether in tort or on contract, our courts were wide open to any suitor, resident or nonresident, against his adversary, whether resident or nonresident, whether a natural person or an artificial one, regardless of where the right of action occurred, if only the courts had jurisdiction of the subject-matter, and could obtain jurisdiction of the party, either by a voluntary appearance, or by service of process.
Shewbrooks v. A.C. and S. Inc., 529 So.2d 557, 559-560 (Miss.1988), quoting Pullman Palace-Car Co. v. Lawrence, 74 Miss. 782, 796, 22 So. 53, 55 (1897).
¶ 16. What documents can be filed and what actions taken by a defendant who does not wish to waive the lack of personal jurisdiction are often issues with which the courts wrestle. See, e.g., O'Neill v. O'Neill, 515 So.2d 1208, 1211-12 (Miss. 1987). Generally, the issues become moot if not raised at the first opportunity:
(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g) [consolidation of different defenses into one motion], or (B) if it is neither made by a motion under this rule or included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.
M.R.C.P. 12(h)(1). What this Rule accomplishes is preventing defects in the providing of notice of litigation from being raised after the defendant has joined issue in some manner. Service of process is necessary but also may be something of a formality. If a litigant obtains knowledge of a suit without having received proper service of process and defends without raising the issue, the defense of improper or even nonexistent service is waived. The time to raise the defense is in the first pleading filed, whether a pre-answer motion or in the answer itself. Young v. Huron Smith Oil Co., Inc., 564 So.2d 36, 38-39 (Miss. 1990).
¶ 17. The answer to the fact question of whether an appearance occurred has never been held solely a matter of whether a document exists in compliance with Rule 4(e). The Rule is one means, and constitutes an acknowledgment by the defendant that the case may proceed without further efforts to serve process. The filing of any responsive pleading or physically appearing in court, either personally or through counsel, constitute appearances. Dynasteel Corp. v. Aztec Industries, Inc., 611 So.2d 977, 981 (Miss.1992). Here the document is not a pleading, but is an agreed judgment that contains the signatures of James and his attorney. That would initially *363 seem even more conclusive than a pleading.
¶ 18. Whether what occurred here is in fact enough can be measured by reviewing a similar supreme court precedent. In a divorce case a waiver of process was signed the same day as the complaint was filed; a final decree of divorce was entered four days later. Peterson v. Peterson, 648 So.2d 54, 55 (Miss.1994). The four days between filing of suit and entering of final judgment is almost the same as in the present case. The Peterson opinion does not indicate whether the defendant-wife signed the decree, agreeing to its form. A review of the Peterson record, though, reveals that there was no agreement and that the nameno signatureof the attorney for the husband solely appeared on the decree. Almost eight months later the former wife filed a motion to set the decree aside.
¶ 19. The supreme court held that a proper Rule 4(e) waiver had not been filed:
In conclusion, Rule 4(e) requires that a waiver of process be signed, dated and filed after the date a complaint is filed. While deviance from this practice appears to have been dismissed as a mere irregularity in other types of cases, the language of the rule and the comment suggest otherwise. We further find that the party assailing the truthfulness of the service of process or waiver thereof is not limited to the record.
Id. at 57. The court did not hold that the defect in compliance with Rule 4(e) by itself required the decree to be set aside. Instead, the defect in the waiver, "coupled with other irregularities," were what mandated relief from judgment. Id. at 54. The other reasons included that this was a fault-based divorce on which no evidence was introduced, the case did not remain on the docket 20 days before final judgment, and the former wife had been misled into understanding that this had been an irreconcilable differences divorce. Id. at 56-57.
¶ 20. The novelty of Peterson, which is repeated here, is that no responsive pleadings were ever filed. Instead, judgment was almost immediately entered. Three days after the judgment in Peterson, an amended property settlement was filed. Id. at 55. The record reveals that each former spouse signed it. However, the property agreement is not a normal pleading, and there is no indication that the defendant Mrs. Peterson submitted it for filing. Regardless, it was submitted after judgment. Even if it was an appearance, it post-dated the judgment in a contested divorce entered when the defendant had neither been served nor validly had waived service. The supreme court never discussed the effect of the signed property settlement, but for a variety of reasons it would appear insufficient to alter the decision that the judgment was invalid. There simply is nothing in Peterson that constitutes participation by the defendant in the case before judgment was reached.
¶ 21. Whether signing an agreed final judgment immediately after the suit is filed should be considered the equivalent of filing a pleading for purposes of Rule 12(h) may be answered in part by looking at the purpose of the requirements of both Rule 4(e) and Rule 12(h)(1). One purpose of Rule 4(e) would appear to be providing on-the-record certainty that the defendant actually has waived process. Thus the need exists for an acknowledgment to a signature to a writing. The requirement of a one day delay between filing of suit and the defendant's appearance is said to be in order to avoid collusion between the parties. Peterson, 648 So.2d at 56 n. 1. It might also provide some protection that the actual version of the complaint filed in court has been seen by the defendant before process has been waived. The purpose of all of Rule 12 is said to be "to expedite and simplify the pretrial phase of litigation while promoting the just disposition of cases." Rule 12 cmt. The more specific policy of Rule 12(h)(1) is said to be that a "party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses *364 he then has and thus allow the court to do a reasonably complete job." Id.
¶ 22. By joining in the request to enter a final judgment, even one submitted at the beginning of litigation, a defendant has informed the court that there are no defenses of a threshold nature or on the merits, other than those recognized by what is agreed in the proposed judgment. James argues instead that his then-attorney failed to explain the judgment adequately. However, the party by signing the judgment has indicated satisfaction with whatever level of attention and deliberation he or she has given to the allegations of the complaint. Once anyone fully engages in an action as a party, even if that engagement is a rejection of normal case development and an immediate agreement to judgment, then defects and even absence of service of process should be waived. I would therefore find on these facts that signing the agreed judgment has waived any defects in issues regarding service of process.
¶ 23. Like the majority, I would affirm.
McMILLIN, P.J. and COLEMAN, J., JOIN THIS SEPARATE OPINION.