THOMAS, J.,
for the Court:
¶ 1. Bryan Thomas Robbins, Sr. appeals the chancellor’s order denying his motion to set aside final decree of divorce and qualified domestic relations order, raising the following issue as error:
I. THE FINAL JUDGMENT OF DIVORCE ENTERED BY THE CHANCELLOR WAS ENTERED PRIOR TO THE EXPIRATION OF THE SIXTY DAY WAITING PERIOD REQUIRED BY MISS. CODE ANN. § 93-5-2 (REV.1994), THEREFORE, THE FINAL JUDGMENT AND CORRESPONDING QUALIFIED DOMESTIC RELATIONS ORDER ARE VOID AND SHOULD BE SET ASIDE.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Bryan Thomas Robbins, Sr. and Nan W. Robbins were married on July 14, 1956 in Forrest County, Mississippi. On October 30, 1995, a joint complaint for divorce based on irreconcilable differences was filed in the Second Judicial District of Hinds County. Nan was represented by counsel while Bryan was unrepresented. A final decree for divorce, which included a settlement agreement, was entered by the chancellor on December 29, 1995. On January 5, 1996, a qualified domestic relations order was entered by the chancellor.
¶ 4. Bryan remarried on June 21, 1996. At some point Bryan consulted an attorney about his previous marriage and divorce. As a result, Bryan filed a complaint for divorce against Nan on November 13, 1997 and on December 5, 1997 filed an amended motion to set aside final decree of divorce and qualified domestic relations order as the joint complaint was not on file for sixty days prior to entry of the final judgment of divorce. From an unfavorable ruling on his motion, Bryan appealed.
ANALYSIS
I.
THE FINAL JUDGMENT OF DIVORCE ENTERED BY THE CHANCELLOR WAS ENTERED PRIOR TO THE EXPIRATION OF THE SIXTY DAY WAITING PERIOD REQUIRED BY MISS. CODE ANN. § 93-5-2 (REV.1994), THEREFORE, THE FINAL JUDGMENT AND CORRESPONDING QUALIFIED DOMESTIC RELATIONS ORDER ARE VOID AND SHOULD BE SET ASIDE.
¶ 5. Bryan argues that the chancellor exceeded his statutory authority by entering the final judgment of divorce on the sixtieth day subsequent to the filing of the joint complaint. Bryan contends that Miss.Code Ann. § 93-5-2 (Rev.1994) mandates that the complaint must be on file for sixty days before being heard. Bryan argues that the chancery court lacked subject matter jurisdiction to enter final judgment of divorce on irreconcilable differences prior to the expiration of a full sixty day waiting period. Therefore, Bryan maintains that the entry of the final judgment of divorce when the complaint had been on file for fifty-nine days and a portion of the sixtieth day renders the judgment void.
¶ 6. Our review in domestic relations matters is extremely limited. We “will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.” Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss.1997) (citations omitted). We are required to respect the findings of the chancellor if they are supported by credible evidence and not manifestly wrong. Id.
¶ 7. Miss.Code Ann. § 93-5-2 (Rev.1994) reads in pertinent part as follows:
(4) Complaints for divorce on the ground of irreconcilable differences *396 must have been on file for sixty (60) days before being heard.
¶ 8. The chancellor’s order denying Bryan’s motion to set aside final judgment of divorce reads as follows:
All right. I’ve considered this matter at the request of one or more parties on more than one occasion. And I’m of the personal opinion that from reading this statute where it says “must have been on file for sixty days before being heard,” my opinion — and the Supreme Court may disagree with me — but my opinion is that, to me, that takes into account the filing date, that that is considered one of the sixty days, and that when you do that the thing was signed on the sixty-first day. If the Supreme Court disagrees with that interpretation, then I also find that the language of that statute allows the judgment of divorce to be signed on the sixtieth day, which would have been the day it was signed, which would have been December the 29th. So I see it both ways. And if the Supreme Court rules I’m wrong one way, I’ll go to the other one.
¶ 9. “In divorce cases, the Mississippi Rules of Civil Procedure have only limited applicability....” Peterson v. Peterson, 648 So.2d 54, 56 (Miss.1994) (citations omitted); see also M.R.C.P. 81. “However, where the statutes are silent, the Rules govern.” Peterson, 648 So.2d at 56; see also Comments to M.R.C.P. 81. The applicable statute does not cover computation of the sixty day period. Therefore, the language of M.R.C.P. 6 controls. M.R.C.P. 6 reads in pertinent part as follows:
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, as defined by statute, or any other day when the courthouse or the clerk’s office is in fact closed, whether with or without legal authority, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, a legal holiday, or any other day when the courthouse or the clerk’s office is closed. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. In the event any legal holiday falls on a Sunday, the next following day shall be a legal holiday.
(emphasis added).
¶ 10. The joint complaint for divorce based on irreconcilable differences was filed on October 30, 1995. The final judgment of divorce was entered on Friday December 29, 1995. M.R.C.P. 6 dictates that the last day of the period shall be included in computing any period of time prescribed by statute. Following this rationale, December 29 is included and calculated as the sixtieth day. The statutory requirement that a complaint for divorce on the ground of irreconcilable differences must be on file for sixty days before being heard has been met. The chancellor was not in error.
¶11. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, IRVING, LEE, AND PAYNE, JJ„ CONCUR.
BRIDGES, J., NOT PARTICIPATING.