IRVING, J.,
for the court.
¶ 1. Mary Lu Redd (Mary Lu) appeals from an order of the Chancery Court of Lincoln County giving her twenty-three percent of the amount by which the marital estate had been undervalued due to a mathematical error. She submits a single issue: whether the lower court on remand erred by failing to fairly divide the remaining marital assets.
¶ 2. Finding no reversible error, we affirm.
FACTS
¶ 3. This case is before this Court a second time. Our initial decision is reported at Redd v. Redd, 774 So.2d 492 (Miss.Ct.App.2000). Mary Lu and Zelmer Gordon Redd (Zelmer) were married for thirty-two years, and from that union four children were born. Mary Lu was granted a divorce from Zelmer on the grounds of habitual cruel and inhuman treatment. The special chancellor, R.B. Reeves, initially determined that the marital property was valued at 4.6 million dollars. Mary Lu received twenty-three percent of the marital estate.
¶ 4. In Mary Lu’s initial appeal, this Court found manifest error in the chancellor’s valuation of the marital estate and reversed and remanded. This Court found that the marital estate was actually worth $5,070,155, or $470,155 more than initially determined by the trial court. We instructed the chancellor on remand to:
reconsider the distribution of marital assets to Mary Lu in light of the valuation error, keeping in mind the guidelines set forth in Ferguson. We do not address whether the chancellor’s distribution to Mary Lu was equitable since we do not yet know what portion of the discrepancy in the valuation the chancellor will award on remand. We note, however, in light of the highly deferential standard of review, that twenty-three percent of the total estate, standing alone, is not grounds for reversal. This is especially *1275 true since the assets awarded to Mary Lu were of the type that would be easy to liquidate, while Gordon received ongoing business concerns together with total responsibility for the Labilities attached thereto.
Redd, v. Redd, 774 So.2d 492, 496 (¶ 15) (Miss.Ct.App.2000).
¶ 5. The hearing to address the matter on mandate from this Court commenced on April 16, 2001. Following arguments from both sides, the chancellor stated, “I simply don’t read this opinion as telling me to revisit the entire case.” The lower court issued a judgment on May 17, 2001. The judgment set forth that the prior written opinion in this case by Judge Reeves contained a valuation error resulting in $470,155 not being included in the marital estate.[1] Judge Patten utilized the same percentage as had Judge Reeves and awarded Mary Lu twenty-three percent of the $470,155, or an additional $108,135.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. An appellate court’s scope of review in domestic relations cases is limited, and an appellate court will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied. Johnson v. Johnson, 823 So.2d 1156, 1159(¶ 7) (Miss.2002) (citing Ferguson v. Ferguson, 639 So.2d 921, 930 (Miss.1994); Bell v. Parker, 563 So.2d 594, 596-97 (Miss.1990)). Furthermore, the chancellor’s findings of fact will not be reversed if there is any substantial credible evidence which supports them. Dunaway v. Bushin, 498 So.2d 1218, 1221 (Miss.1986).
¶ 7. Mary Lu contends that the lower court on remand committed error in awarding her only twenty-three percent of the $470,155. Additionally, Mary Lu argues that the trial court committed error in its total distribution of the marital estate by only awarding her twenty-three percent. Mary Lu further suggests that the trial court, in both the initial divorce proceeding and on remand, failed to provide any findings of fact to explain its reasons for such a limited award.
¶ 8. The Ferguson guidelines are eight considerations that the Mississippi Supreme Court adopted for chancery courts to use when they equitably divide marital property. Those guidelines include:
1. Substantial contribution to the accumulation of the property. Factors to be considered in determining contribution are as follows:
a. Direct or indirect economic contribution to the acquisition of the property;
b. Contribution to the stability and harmony of the marital and family relationships as measured by quality, quantity of time spent on family duties and duration of the marriage, and
c. Contribution to the education, training or other accomplishment bearing on the earning power of the spouse accumulating the assets;
2. The degree to which each spouse has expended, withdrawn or otherwise disposed of marital assets and any prior distribution of such assets by agreement, decree or otherwise;
3. The market value and the emotional value of the assets subject to distribution;
4. The value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the *1276 marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse;
5. Tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution;
6. The extent to which property division may, with equity to both parties, be utilized to eliminate periodic payments and other potential sources of future friction between the parties;
7. The needs of the parties for financial security with due regard to the combination of assets, income and earning capacity, and
8. Any other factor which in equity should be considered.
Ferguson, 689 So.2d at 928.
¶ 9. The law of this state requires equitable, not equal, distribution of the marital estate. Peterson v. Peterson, 797 So.2d 876, 880 (¶ 17) (Miss.2001). Equitable division is the fair determination of the division of marital property based on both spouses’ contributions during the marriage. Traxler v. Traxler, 730 So.2d 1098, 1102 (¶ 21) (Miss.1998).
¶ 10. A review of the record reveals that Judge Reeves in the initial divorce proceeding did in fact consider the Ferguson guidelines in determining that Mary Lu was entitled to twenty-three percent of the marital estate. Judge Patten concluded that Judge Reeve’s opinion should not be disturbed. Judge Patten on remand ruled in the following manner regarding Judge Reeve’s earlier decision:
The prior Written Opinion of Judge Reeves and resulting order contained a valuation error resulting in $470,155.00 in total of the marital estate that should have been considered, but was not.
Judge Reeves, after having considered all of the evidence in the case, determined that Mrs. Redd was entitled to 23% distribution of the marital assets as equitable distribution.
This Court is of the opinion that the aforesaid percentage (23%), which by implication by the Court of Appeals is at least an acceptable percentage, should not be disturbed.
¶ 11. Moreover, at the conclusion of the hearing held on April 16, 2001, Judge Patten stated that he did not read the instructions from this Court, in remanding this case, as requiring him to revisit the entire case or that he should “conduct an independent Ferguson inquiry ... that was considered by Judge Reeves.” Judge Patten reasoned that the additional $470,155 was not an omission of assets in the marital estate, but a “mathematical error in tallying the various assets that constituted the marital estate.” Because Judge Reeves had already performed a Ferguson inquiry, Judge Patten announced that it was his job to divide the additional $470,155 that had initially been omitted by Judge Reeves due to a mathematical error in calculating the total marital estate. He acknowledged that this Court stated in its opinion that a twenty-three percent distribution alone was not grounds for reversal. Moreover, Judge Patten recognized that this Court found that Mary Lu was awarded assets that were easy to liquidate, whereas, Zelmer was awarded “ongoing business concerns together with total responsibility for the liabilities attached thereto.”
¶ 12. We find that Judge Patten did not err in not revisiting each of the individual Ferguson guidelines under the circumstances. Although we instructed the trial judge to take a look at the total distribution of the marital estate while keeping in mind the Ferguson guidelines, we also said *1277 that a twenty-three percent distribution, standing alone, was not grounds for reversal. Judge Patten did not misconstrue our earlier opinion. In his ruling, he stated that he had looked at Judge Reeves’s opinion and believed that the percentage of distribution, as previously determined by Judge Reeves, should not be disturbed. In the final judgment rendered by Judge Reeves, he stated that he had reviewed the Ferguson guidelines. He then discussed the first of the eight Ferguson guidelines and found that the other guidelines either had no application under the facts of the case or were discussed in other portions of his opinion. We cannot say that Judge Patten manifestly erred in essentially adopting Judge Reeves’s findings of facts and conclusions of law. Accordingly, we affirm his decision.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF LINCOLN COUNTY AWARDING APPELLANT THE SUM OF $108,135 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ, BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR.

. Chancellor Edward E. Patten, Jr. was the presiding judge on remand.