912 So.2d 491 (2005)
Don M. DOBBS, Appellant
v.
Patricia C. DOBBS, Appellee.
No. 2004-CA-00800-COA.
Court of Appeals of Mississippi.
October 4, 2005.
*492 Jay Foster, attorney for appellant.
Dean Holleman, Gulfport, attorney for appellee.
Before BRIDGES, P.J., GRIFFIS and BARNES, JJ.
GRIFFIS, J., for the Court.
¶ 1. Don M. Dobbs appeals the decision of the Chancery Court of Harrison County. On appeal, Don asserts the following errors: (1) the chancellor erred in his distribution of marital assets, and (2) the chancellor erred in awarding alimony. We find no error and affirm.

FACTS
¶ 2. Don and Patricia C. Dobbs ("Pat") were married on December 12, 1979. No children were born of the marriage. Pat was granted a divorce based on adultery on October 24, 2003. The chancellor awarded Pat exclusive possession of the marital home. The chancellor further awarded Pat $1,000 per month in periodic alimony. It is from this judgment that Don appeals.

STANDARD OF REVIEW
¶ 3. This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his or her discretion, was manifestly wrong, clearly erroneous, or applied an erroneous legal standard. Sanderson v. Sanderson, 824 So.2d 623, 625-26(¶ 8) (Miss.2002).

ANALYSIS

I. Did the chancellor err in his distribution of the marital assets?
¶ 4. Don contends that the chancellor erred in his distribution of the marital assets. Specifically, he argues that the chancellor erred in awarding the marital home to Pat. The record shows that the home was purchased by Don four years prior to his marriage to Pat. The down payment on the home was paid exclusively by Don. Don argues that the home was a non-marital asset. He claims he should have received credit for this payment.
¶ 5. In some instances a non-marital asset may lose its character and be subject to equitable distribution. See Heigle v. Heigle, 654 So.2d 895, 897 (Miss. 1995); Johnson v. Johnson, 650 So.2d 1281, 1286 (Miss.1994). After their marriage in 1979, Don and Pat lived in the home until their separation in 2002. Although Don's paycheck paid the mortgage, Pat's paycheck was used to pay household expenses. Additionally, Don left the marital home in order to live with the woman with whom he had been having an affair since 2001. At the time of their separation, Don and Pat had lived in the home as a married couple for approximately twenty two years. Thus, the chancellor did not err in finding that the home was a marital asset subject to equitable distribution.
¶ 6. In Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994), the Mississippi Supreme Court set forth guidelines that a chancellor must consider when attempting to make an equitable division of marital property. Under Ferguson, a chancellor is required to analyze the following factors: (1) substantial contribution to the accumulation of property; (2) the degree to which each spouse has expended, withdrawn, or otherwise disposed of marital assets, and any prior distribution of such assets by agreement, decree, or otherwise; (3) the market value and the emotional value of the assets subject to distribution; (4) the value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property *493 brought to the marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse; (5) tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution; (6) the extent to which division of the property may, with equity to both parties, be used to eliminate periodic payments and other potential sources of future friction between the parties; (7) the needs of the parties for financial security with due regard to the combination of assets, income, and earning capacity; and (8) any other factor which in equity should be considered. Id. The record shows that the chancellor examined the evidence and set forth his findings as to each of the Ferguson factors. The evidence presented at trial supports the chancellor's findings.
¶ 7. Pat was awarded fifty five percent of the marital assets. The law of this state requires equitable, not equal, distribution of the marital estate. Tate v. Tate, 875 So.2d 257, 260(¶ 7) (Miss.Ct.App.2004) (quoting Peterson v. Peterson, 797 So.2d 876, 880(¶ 17) (Miss.2001)). Upon review, we find that the chancellor did not err in his distribution of the marital assets. Thus, this issue lacks merit.

II. Did the chancellor err in awarding Pat alimony?
¶ 8. After making the equitable distribution of the marital assets, the chancellor awarded Pat $1,000 per month in periodic alimony. Don argues that the chancellor's award of alimony was "excessive." In Armstrong v. Armstrong, 618 So.2d 1278, 1280-81 (Miss.1993) the supreme court set forth guidelines to be used in determining if alimony is appropriate. These guidelines are: (1) the income and expenses of the parties; (2) the health and earning capacities of the parties; (3) the needs of each party; (4) each parties' obligations and assets; (5) the length of the marriage; (6) the presence or absence of minor children in the home, which may require that one or both of the parties either pay for, or personally provide, child care; (7) the age of the parties; (8) the standard of living of the parties, both during the marriage and at the time of the support determination; (9) the tax consequences of the spousal support order; (10) fault or misconduct by the parties; (11) wasteful dissipation of assets by either party; or (12) any other factor deemed by the court to be "just and equitable" in connection with the setting of spousal support. Id.
¶ 9. The record indicates that the chancellor addressed and analyzed each of the Armstrong factors in detail. The chancellor's findings, on the Armstrong factors, were consistent with the testimony presented. If the situation is such that an equitable division of marital property leaves a deficit for one party, then alimony should be considered. Johnson, 650 So.2d at 1287. Upon review, we find that the chancellor did not err in awarding Pat $1,000 per month in periodic alimony. Thus, we find no error.
¶ 10. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.J., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.